## Case No. 11,983.

ROCKSELL et al. v. ALLEN.

[3 McLean, 357.] [1]

Circuit Court, D. Indiana. May Term, 1844.

EXECUTION — MARSHAL'S SALE — DEFENDANT'S TITLE—PURCHASER—MOTION TO SET ASIDE SALE.

1. A marshal's sale of land on execution, where the defendant had no interest in the land, will be set aside on motion.

2. In such sale there is no warranty by the defendant. The purchaser must understand what he buys.

3. But where he has been deceived or misinformed, the court will release him. by setting the sale aside. This is a proper mode of giving relief, if application be made before the sale shall be completed.

[Cited in Brunner v. Brenan, 49 Ind. 100.]

In equity.

OPINION OF THE COURT. Mr. Smith moved the court to set aside a sale of real estate made on execution in the above case, on the ground that the defendant had no title to the land or interest in it at the time of the sale. Before the judgment Allen, the defendant, conveyed the land to one Coates, taking a mortgage to secure the payment of the purchase money, which mortgage Allen had assigned, so that he had no interest in the land either equitable or legal.

Mr. Morrison, who opposed the motion, did not controvert the facts, but insisted that as the deed to Coates was on record, the purchaser was bound to know the state of the title, and having made the purchase with this knowledge he was entitled to no relief. That the maxim of caveat emptor applied with peculiar force to judicial sales. That the court would not, under the circumstances of that case, give relief to the purchaser on a motion, but would, if he were entitled to relief leave him to a suit in chancery.

It is clear that the defendant does not warrant the title of his land sold on execution. And if the sheriff or marshal, who sells, does not warrant it, he may bind himself, but not the defendant, in the execution. The Monte Allegre, 9 Wheat. [22 U. S.] 616; Louden v. Robertson, 5 Blackf. 276.

But the case before us is, whether a purchaser of land under execution, to which the defendant had no title, shall be compelled to complete his purchase. In Muir v. Craig, 3 Blackf. 293, the court gave relief on a bill

filed against Craig, the defendant, in execution, whose land, as was supposed, had been sold on execution, but in which he had no interest, on the ground that the money received had been applied to the payment of the defendant's judgment. The amount paid was decreed to be refunded. It may be doubted whether this did not carry the principle too far. The purchaser must look to what he buys. But in the case before us, the question is, whether the purchaser shall pay his money where no interest was transferred to him under the judgment. He may have been negligent, but before the purchase is completed, he applies to be relieved, by setting aside the sale. That he had no notice in fact, whatever might be the inference of law, must be presumed, as no one would purchase that which he knew to be of no value. Whatever might be proper after the payment of the money and the execution of the sheriff's deed, we think when the application is made, at this stage of the proceedings, the sale should be set aside. And this summary mode by motion, being the least expensive, is the proper one.

## Case No. 11,984.

ROCKVILLE & W. TURNPIKE ROAD v. ANDREWS.

[2 Cranch, C. C. 451.] [1]

Circuit Court, District of Columbia. April Term, 1824.

STATUTES—PAMPHLET EDITION—EVIDENCE.

[This was an action on the case by the president, managers, and company of the Rockville & Washington Turnpike Road against Christopher Andrews.]

In this case, which was like the two preceding cases [Cases Nos. 11,985 and 11,986] THE COURT (nem. con.) decided that the pamphlet of the laws of Maryland, published by the authority of the legislature of that state, and proved by a witness to be the book which is admitted as evidence of the laws of Maryland in the courts of Maryland, is admissible evidence of the act of incorporation of the president, managers, and company of the Rockville and Washington Turnpike Road.

Verdict for plaintiff. A bill of exceptions was taken by the defendant, but no writ of error prosecuted.