ALBANY,
Oct. 1825.

Lansing
v.
Quackenbush.

been filed in this Court; nor had the defendant appeared here in any other form; nor had the plaintiff, who was an infant, and sued below by his guardian, had any guardian or next friend appointed in this Court.

*J. M'Kown*, moved to set aside the proceedings for irregularity. He contended that the plaintiff should have commenced his proceedings *de novo*, by having a guardian appointed, awaiting the defendant's appearance, and declaring in this Court. He admitted that *Wolfe* v. *Horton*, (3 Caines' Rep. 86,) was against this; but *Rex* v. *North*, (2 Salk. 565,) on which alone the case in Caines went, does not decide where the proceedings are to begin in the Court above; and the English authorities are against the practice pursued in this case. (Tidd, 349, Riley's ed. Id. 6 ed. 411. Bac. Abr. *Certiorari*, (K.) 4 Vin. Abr. 359, pl. 4. Lee's Dictionary of Practice, 286.)

*B. F. Butler*, contra, cited 1 Dunl. Pr. 223.

*Curia.* A certiorari is in nature of a writ of error; and removes, in contemplation of law, the record itself. This was held in *Wolfe* v. *Horton*, (3 Caines' Rep. 86.) It follows, that the cause is here, on the return of the certiorari, in the same situation as to the appearance of the parties, and other incidents, as it stood in the Court below. And it proceeds here directly from the point at which it stopped below. The English practice appears to be different; but the practice of this Court has been settled ever since the case of *Wolfe* v. *Horton*.

Motion denied.

---

LANSING and OTHERS, Executors, &c. *against* QUACKEN-BUSH.

Where the defendant has no title to land sold on a *fi. fa.* for which the sheriff has given a certificate of sale to the purchaser, and endorsed the sum bid on the *fi. fa.* relief will not be granted on motion; but the purchaser should go to a court of equity.

THE plaintiffs having sued out a *fi. fa.* against the defendant, upon a judgment of this Court, to the sheriff of Essex,

he sold certain lots of land supposed to belong to the defendant, situate in that county, at certain prices bid for each lot by Jacob Lansing, one of the plaintiffs and gave him a certificate of sale, specifying each lot and the sum for which it sold. The amount, in the aggregate, was $4096, which he endorsed as paid upon the *fi. fa.* Before the sale, the defendant represented to the purchaser that he had title to certain of these lots, which sold for the greater portion of the sum endorsed; but which it turned out, on inquiry, belonged absolutely to another.

*J. Lansing,* (*S. M. Hopkins,* same side,) therefore, now moved to amend by reducing the amount of the endorsement to the amount bid for those lots to which the defendant had title, and striking from the certificate the lots to which he had no title.

*S. Stevens,* contra,

*Curia.* Clearly there must be a remedy in this case; but we do not grant it upon this motion, because we think the more proper *forum* is a Court of Equity.

Motion denied.

---

## *Ex parte* TAYLOE.

CHARLES TAYLOE was committed to the common jail of the county of Columbia, during the present term, for

*The supreme court have the same powers in relation to bail as the English K. B.; and may let persons charged with criminal offences to bail in all cases whatsoever.*

*Upon the return of a habeas corpus ad subjiciendum, with the body of a prisoner against whom a coroner's inquest have found an inquisition of murder or manslaughter, the court are not concluded by the finding; but will look into the depositions to see whether a crime has been committed, its nature, and the strength of proof by which the accusation was supported.*

*Though the crime appear to be but manslaughter; it is not of course to allow bail.*

*But if the guilt or innocence of the prisoner appear to be indifferent, he may be bailed.*

*Though the warrant of commitment be defective, the court will not discharge the prisoner finally for that reason; but if a crime be made out upon the deposition, the course is to discharge pro forma; but remand upon a special rule. Form thereof.*

*If there be no reasonable doubt of the guilt of a prisoner charged with committing a felony, he ought not to be bailed, even by the supreme court.*