RITTER *v.* HENSHAW.

A motion to set aside a levy and sale of real estate on execution, by the plaintiff in the execution, and the purchaser at the sheriff's sale, is not based upon the idea of fraud, and it need neither be alleged nor proven. The motion stands merely upon the fact of a want of title, without reference to motives.

Neither is it any obstacle to such a motion, that the record shows a satfaction of the judgment—this being produced only by the sale itself.

A levy and sale of real estate may be set aside, upon motion, when it is not necessary to make third persons parties, or to bring in extrinsic facts.

Where on a motion by the plaintiff in execution, to set aside a levy and sale of real estate by the sheriff, it was shown to the court, that in Oc-

tober, 1855, the plaintiff obtained judgment against the defendant, and also for the establishment of a mechanic's lien on certain real estate; that the lot was sold under a special execution, in December, 1855, and purchased by the plaintiff; and that the defendant, prior to the existence of the plaintiff's cause of action, had executed a mortgage on the said lot, which had been duly recorded, and which was foreclosed by notice and sheriff's sale, before the sale under the plaintiff's execution, which motion was overruled; *Held,* That the court should have set aside the levy and sale, and ordered a general execution under section 1003 of the Code.

*Appeal from the Lee District Court.*

SATURDAY, OCTOBER, 23.

Motion to set aside a levy and the sale of real estate upon execution. The respondents were regularly notified as in an action. In October, 1855, the plaintiffs obtained judgment for a certain sum against the defendant, and also the establishment of a mechanic's lien upon a lot in the town of Montrose. The lot was sold under a special execution, in December, 1855, and was purchased by the plaintiff. It appeared afterwards that the defendants had given a mortgage to one Brooks, prior to the existence of the plaintiff's cause of action, which mortgage was duly recorded, and which was foreclosed by notice and sheriff's sale, before the sale by the plaintiff. The court overruled the motion, from which decision the plaintiff appeals.

*J. M. Beck,* for the appellant.

*Wm. Edwards,* for the appellee.

WOODWARD, J.—A motion to set aside a levy and sale of real estate under execution, is not based on the idea of fraud, and this need neither be alleged nor proved. It stands merely upon the fact of a want of title, without reference to motives. Neither is it any obstacle, that the record shows a satisfaction—this being produced only by the sale itself. The motion may even be said to pre-suppose this satisfaction, and is not inconsistent with it; for the very object is to cor-

rect this, which now appears to be an error—the result of a mistake—and this, it may be, one of the officer.

The equity, in such cases, is manifestly in favor of the creditor or purchaser. Either the creditor has bid upon the land, and his execution is returned satisfied, when in fact, it is not satisfied, and he has received nothing, or else a third person has bought the property and paid his money, which has gone to pay the plaintiff, whilst he has nothing himself. In this last case, the purchaser's money has paid the debt. On the other hand, nothing can be urged against the relief sought, save mere technical reasons, such as that the record shows a satisfaction. And this has, or should have, no force, when it is shown that it is not true. There is no reason why the court should not set its records right, by correcting the mistake, and doing substantial justice. Accordingly, relief has been given by permitting a recovery in some cases, as in *McGhee* v. *Ellis*, 4 Littell, 244; *Muir* v. *Craig*, 3 Blackford, 293; *Preston* v. *Harrison*, 9 Ind., 1; *Dunn* v. *Frazier*, 8 Blackford, 432; *Reed* v. *Crosthwaite*, 6 Iowa, 219.

In other cases the remedy has been effected by setting aside the levy and sale; and this may be by motion, when it is not necessary to make third persons parties, or to bring in extrinsic facts. And it has not been confined to cases where the defendant never had a title to the land, but has been extended to those where his title has been wholly taken away, as under a prior mortgage. The points are shown in the following cases: *Warner* v. *Helm*, 1 Gil., 220; *Tudor* v. *Taylor*, 26 Vermt., 444; *Lansing* v. *Quackenbush*, 5 Cow., 38; *Adams* v. *Smith*, 5 Ib., 286; *Ontario Bank* v. *Lansing*, 2 Wend., 260; *Lawrence* v. *Pond*, 17 M. R., 433. And the cases referred to above, may also be consulted.

We confine our remarks to cases where all of the defendant's interest has been taken away by a paramount claim, or where he never had any. In the present case, the mortgage was prior to the petitioner's claim, and the sale under the mortgage, was antecedent to his; and the

whole of the land, and the whole of the interest, were gone, so that the present applicant obtained nothing by his bid.

The doctrine of *caveat emptor*, has its legitimate force in precluding any idea of a warranty by the defendant in execution, or by the sheriff; but in all the numerous cases, it is not viewed as having an application to bar the creditor or the purchaser, from his appropriate relief in the manner shown in those cases.

We think that the district court should have set aside the levy and sale, and ordered a general execution under section 1003 of the Code. The judgment is reversed, and the cause is remanded, with directions so to do.

Judgment reversed.