## PARKS v. DAVIS *et al.*

1. MISTAKE: EXECUTION. Where, in issuing a special execution, the clerk, by a clerical mistake, misdescribed a portion of the land ordered to be sold by the special judgment under which it was issued, and the land as described in the execution was sold and conveyed to the plaintiff, it was held, that by a proper showing the plaintiff could have the sale of the tracts misdescribed set aside, and the entry of satisfaction on the execution canceled.

2. NEGLIGENCE OF THE CLERK. Where an injury arises by the negligence or fault of the clerk, without any corresponding negligence on the part of the party injured, he will be held responsible on his own bond; but he is not liable where, but for the negligence of the party complaining, the injury would not have occurred.

*Appeal from Jasper District Court.*

WEDNESDAY, APRIL 13.

THE circumstances giving rise to this suit may be stated as follows:—In October, 1859, the plaintiff obtained a special judgment of $1,221.12 against certain real estate therein described, to wit: Lots 6, 7 and 10, in section 21; lot 2 in section 3; all in T. 78, R. 17, west. Also the S. W. ¼ of the S. W. qr. of sec. 35, in T. 79, R. 17, west. A certain portion of this judgment was afterwards assigned to Cox & Shelley, of Keokuk.

In March, 1861, the clerk of the District Court of said county was directed to issue on said judgment a special execution against the property therein described. In doing so he describes the last tract as the S. W. qr. of section 35, instead of the S. W. qr. of the S. W. qr. At the sheriff's

sale the plaintiffs' attorney bid the property off as described in the execution, the last tract at $4.06 per acre, for the judgment, and plaintiff satisfied the execution. By an arrangement between the parties, Cox & Shelley's portion of the judgment was first to be paid, and they elected to take the lots described in sections 3 and 21, as aforesaid. Afterwards, the plaintiff discovered that the clerk had made a mistake in his description of the tract last specified in the execution, and that instead of getting 160 acres by his purchase, he only obtained forty; and therefore, he instituted this suit upon the clerk's official bond, making his sureties parties, to recover such damages as he claims to have sustained by a breach of the covenants of his bond in the manner stated. The defendants demur to the petition for various grounds, the substance of which is, that the facts set forth in the petition, state no cause of action against them. This demurrer was sustained, the suit dismissed, and the plaintiff appeals.

*Seevers & Williams* for the appellant, cited the following authorities: *Zeigler* v. *The Commonwealth*, 12 Penn., 227; 12 Ill., 14; 20 Ohio, 327; 14 Ala., 172; 17 Id., 176; 15 How., 179; 7 S. & M., 641; 9 John., 381; 10 Pet., 80; 13 S. & M., 392.

*Winslow & Lindley* for the appellee.

Lowe, J.—It is difficult to characterize the act of the clerk complained of, other than simply a clerical error, or innocent omission, which really worked no serious injury to the plaintiff, beyond the extra commission fees which he may have paid the sheriff, while, as the property was bid off by the plaintiff and no money paid, would not perhaps exceed two and a half dollars. When we say that it resulted in no material damage to the plaintiff, we allude to the fact, that it was competent for him, on motion to the

court, to have had the satisfaction entered upon the execution canceled to the extent of the excess, at which the extra quantity of the land was bid off, leaving his judgment unsatisfied to that amount. Then it is presumed his position would have been just the same as if the mistake had not occurred, as held in *Ritter* v. *Henshaw*, 7 Iowa, 97; *Warner* v. *Helm*, 1 Gill., 220; *Ontario Bank* v. *Lansing*, 2 Wend., 260.

The clerk of the District Court, as a public officer, should be held to a faithful execution of his duties, and if, through his negligence, an injury results, without any admixture of fault or similar negligence on the part of the one injured, he should be held responsible. But in this case, if the clerk was careless, the plaintiff manifestly was quite as much, if not more so, for we are bound to suppose that he was fully cognizant with the tracts of land and their description as contained in his own judgment; and if in a sale thereof, on a special execution, he bid upon and purchased a tract, which he knew, or in law is presumed to know, was not in his special judgment, and ought not therefore to be in his execution, it is, and was his own folly; and we do not see why the doctrine of *caveat emptor* does not apply in such case with all its strictness.

Besides, when parties litigant stand in *pari delicto* with reference to the subject in controversy, the law, in its remedial provisions, will leave them where it finds them.

We, therefore, do not think the court erred in sustaining the demurrer, and the judgment will be

Affirmed.