## NEAL v. GILLASPY ET AL.

SHERIFF'S SALE.—*Warranty.*—The purchaser of property sold at sheriff's sale buys at his own risk, there being no warranty, express or implied, in any such sale.

SAME.—*Mistake.—Mortgage.—Foreclosure.—Action to Recover Purchase-Money.* —Where, by mistake, real estate belonging to one person is mortgaged by another as his property, and, under a decree of foreclosure, is sold at sheriff's sale to a purchaser who has no notice of such mistake, he can not, in an action against such sheriff and the judgment plaintiff, have such sale set aside, and recover back the purchase-money for such realty, bid and paid by him at such sale.

From the Johnson Circuit Court.

*T. W. Woollen,* for appellant.

*N. B. Berryman,* for appellees.

HOWK, J.—In this action, the appellant was plaintiff, and the appellees were the defendants, in the court below.

In his complaint, the appellant alleged, in substance, that on the 2d day of February, 1874, the appellees other than Gillaspy recovered judgment against one Martin Snepp for nine hundred and seventy-three dollars and fifty cents and costs, upon which an execution was issued and went into the hands of Gillaspy, sheriff of Johnson county, who levied the same on lot number ten, in Kyle's addition to the town of Edinburg, Johnson county, Indiana, and advertised to sell the same on the 5th day of September, 1874; that on said day the appellant attended said sale, and, being informed by the sheriff that it was a house and lot in Edinburg, owned by said Martin Snepp, and worth at least one thousand dollars, and, supposing that said property was the property owned by said Snepp, appellant bid two hundred dollars, and said property was struck off to him at that price, and he paid the purchase-money to the appellee Gillaspy; that the said real estate described in said sale is not, and never was, the property of said Martin Snepp, but that the proceedings by which the same was mortgaged, foreclosed and sold, were mistakes made by the parties, who all supposed that said description described the property of said Martin Snepp; and the appellant said, that, at the time of said purchase, he also labored under a mistake, in this, that he supposed he was buying the property owned by said Martin Snepp and occupied by him; that afterward, and after the sheriff had paid the money into the clerk's office, and after the certificate of sale had been made to the appellant, and before the money had gone into the hands of the execution-plaintiffs, the appellant discovered his mistake and gave notice to the attorney of the execution-plaintiffs, Nelson B. Berryman, Esq., one of the appellees, and an officer of the court below, not to pay over to the execution-plaintiffs said sum of two hundred dollars, but to hold the same subject to the order of the court below, which he had done. Appellant made copies of said execution, levy,

sale and return, and of the certificate of sale issued to him, parts of his complaint, and he referred the court below to the original judgment, mortgage and foreclosure, among the records of said court, at its February term, 1874.

And the appellant asked the court below, on the hearing of the premises, to set aside said sale and declare the same null and void as to the appellant, and to order said money paid into court by the appellee Berryman, for the use of the appellant, and for all other proper relief.

To this complaint the appellees separately demurred, for the alleged insufficiency of the facts stated therein to constitute a cause of action, which demurrers were sustained by the court below, and to this decision the appellant excepted. And judgment was rendered, upon the demurrers, for the appellees.

In this court, the only alleged error, assigned by the appellant, is, that the court below erred, in sustaining the appellees' demurrers to his complaint. The appellant says, that "he labored under a mistake" in his purchase of the lot, described in his complaint, at sheriff's sale; and he claims that he ought to be relieved from his mistake, and have his purchase-money returned to him.

The purchaser at a sheriff's sale buys at his own risk; there is no warranty, express or implied, in any such sale.

In the case of *Brunner* v. *Brennan*, 49 Ind. 98, WORDEN, J., said:

"The purchaser of property at sheriff's sale stands in the situation of a purchaser of real estate who has taken a conveyance without covenant. In such case, in the absence of fraud, he can neither recover back, nor defend against an action to recover, the purchase-money, on the ground of a failure of title."

The case cited is decisive of the case at bar; for, in this case, there is no charge of fraud in appellant's complaint. As to the liability of the sheriff and the rights of a pur-

chaser in such cases as this, see, also, the case of *The State, ex rel., etc.,* v. *Prime,* 54 Ind. 450.

In our opinion, the court below committed no error in this case, in sustaining the appellees' demurrers to appellant's complaint.

The judgment of the court below is affirmed, at the costs of the appellant.