## Weaver v. Guyer.

SHERIFF'S SALE.—*Sale in Parcels.*—*Statute Construed.*—Under section 446, 2 R. S. 1876, p. 217, where a sheriff has offered for sale separately each of several tracts, lots or parcels of land levied upon, and has received no bid therefor, he may offer and sell some or all of the tracts, lots or parcels together. It would have been judicious in such case, after offering each parcel separately, to have offered an additional parcel to the previous offer, and so on, until it had been ascertained, that nothing less than the whole would be sufficient, before offering the whole.

SAME.—*Voidable Sale.*—*Who may Take Advantage of Irregularity.*—In such case, if more land is sold by the sheriff than is necessary to pay the debt, it constitutes an irregularity which renders the sale voidable, but

not void. If the plaintiff be the purchaser, he can not. be heard to complain, that he got all the property, when a part might have been sold for a sufficient sum to pay his debt. The defendant in the execution, or perhaps those interested through him, can complain of such irregularity.

SAME.—*Purchase of all the Parcels of Land in Solido for Amount of Judgment.*— *Want of Title in Defendant to Part of Lands.*—*Setting Aside Sale.*— *Apportionment of Credit.*—Where an execution plaintiff, at a sheriff's sale, under the execution, of several distinct parcels of land, to some of which the execution defendant has no title, and the others are encumbered by mortgage for their value, bids in all the parcels as a whole, for the amount of his judgment, the sale and satisfaction of the judgment can not be set aside, there being no fraud practised. There is not a total failure of title in such case; and there can not be an apportionment of credit upon the judgment.

SAME.—*Judicial Sales.*— *Warranty.*—The general rule is, that there is no warranty in judicial sales.

From the Tippecanoe Circuit Court.

*H. W. Chase, J. A. Wilstach* and *F. S. Chase,* for appellant.

*S. P. Baird,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellant, to set aside a certain sheriff's sale and a receipt and entry of satisfaction of a judgment.

Trial by the court; finding and judgment for the plaintiff, over a motion interposed by the defendant for a new trial.

The material facts of the case, as shown by the evidence, are as follows:

In 1871, Guyer obtained a judgment against Weaver in the court of common pleas of Tippecanoe county, and on December 12th of that year issued an execution thereon, at which time there was due something over twenty-two hundred dollars. The sheriff levied the execution upon a tract of forty acres of land, another separate tract of eighty acres, in Tippecanoe county, and eight lots in the city of Lafayette, as the property of the defendant, Weaver, and having duly advertised the property for sale, and having first duly offered for sale the rents and profits, and having also first offered the fee of each tract of land and

each lot separately, receiving no bid therefor, he then offered the fee simple of the entire property, and the plaintiff, Guyer, bid thereon the sum of two thousand three hundred and thirty-seven dollars and ninety cents; and, he being the highest bidder, the property was struck off and sold to him, and he received the sheriff's certificate of purchase. Guyer executed to the sheriff a receipt for the amount due him in full satisfaction of the execution, which the sheriff returned satisfied.

But Weaver, the execution defendant, had no title to either of the two tracts of land, or to two of the city lots. He had title, however, to six of the lots. The value of the two tracts of land was about five thousand dollars, and the value of the lots ranged from one hundred and fifty dollars to two hundred and fifty dollars each. The lots to which Weaver had title were encumbered by a mortgage, duly recorded, for a sum equal to or more than their value. The title to the two tracts of land had been in Weaver, but they had been conveyed by him before the rendition of the judgment. The two lots had been owned by him, but they had been mortgaged by him, and sold under a decree of foreclosure.

These are the substantial facts in the case, and the question arises, whether, upon them, the plaintiff was entitled to have the sale and satisfaction of the judgment set aside, in order to the issuing of another execution upon the judgment.

We have been furnished with well prepared briefs by both parties, which will save us much time in the examination of the question.

The appellee insists, in support of the ruling below, that the sale and the satisfaction of the judgment were properly set aside on two grounds: *First.* Because the sale was void in consequence of having been made of all the property together, and not in parcels; and, *Second.* Because of the failure of title.

If the sale were to be held void in consequence of the

fact that all the property was sold together, the first position would seem to be well taken. But we are of opinion that the sale was not void, for the reason stated.

The statute provides as follows, viz.:

"Real estate, taken by virtue of any execution, shall be sold at public auction at the door of the court-house of the county in which the same is situated; and if the estate shall consist of several lots, tracts, and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution," etc. 2 R. S. 1876, p. 217, sec. 466.

In this case, as we have seen, the different tracts of land and lots were first offered separately, no bids being received therefor. And the question arises, whether the sheriff had the power, having thus offered each separately, to offer any two or more of them together; for, if he had the power to offer two or more together, he had the power to offer all together. It is claimed by the appellee, that the sheriff had no power, after having offered the different tracts and lots separately, to offer and sell any of them together, but that he must sell each separately, or make no sale.

We do not concur in that view of the statute. When the different tracts and lots were offered separately, the requirement of the statute was fulfilled. The statute does not provide, that the several lots, tracts and parcels shall be *sold* separately. It is clear, as we think, that the Legislature did not intend to inhibit the offering and selling of two or more lots, tracts or parcels together, having first offered them separately, and having received no bid therefor.

The counsel for the appellee have cited, in support of their position, the following cases: *Banks* v. *Bales*, 16 Ind. 423. In that case there was a sale of an entire tract which was susceptible of division, and it was sold entire, without having offered it in parcels. It is not, therefore, in point here. In *Tyler* v. *Wilkerson*, 27 Ind. 450, the

court said, that a sale under a decree in chancery was void, if made of several tracts in one body, but was speaking of a case where " several tracts were sold altogether, no effort having been made to sell the same in separate parcels, though susceptible of division." The same doctrine was held in the case of *Piel* v. *Brayer*, 30 Ind. 332, but in relation to a case where it was alleged, that the " real estate could have been sold in three separate and distinct parcels, and could have thus been sold to much better advantage than all together, and would have brought more money; that the plaintiff requested said Brayer and the sheriff to sell said real estate in parcels, in order that there might be competition, and that it might bring more money; but they refused, and sold all said real estate in a body." It is evident that there had been no offer of each parcel separately. Such, also, was the case of *Gregory* v. *Purdue*, 32 Ind. 453. There a body of 1,615 acres, divided into tracts by the government surveys, had been sold, on the foreclosure of a mortgage, all in one body, without having offered it in tracts or parcels.

None of the foregoing cases settle the question involved in the case in judgment, and we are of opinion, as before intimated, that when a sheriff has offered each of several tracts, lots or parcels of land separately, and has received no bid therefor; he has then complied with the law, and then has power to offer and sell some or all of the tracts, lots or parcels together.

The case of *Phelps* v. *Conover*, 25 Ill. 309, has been cited by counsel for the appellee, but that would seem to sustain the view which we take of the question. The syllabus of the case, so far as it relates to the point here involved, is as follows: " An officer charged with an execution levied upon lands, should offer each tract separately, using his own judgment as to subdivisions; if it does not sell in subdivisions, he may sell *en masse*, making a full return of all the facts."

The sale in question was not void for the want of power

in the sheriff to make it. But, while that is the case, there is another feature of the statute above set out that should not be overlooked. The statute provides, that "no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution." It would probably have been well, if the sheriff, after having offered each tract and lot separately, had offered two or more parcels together, but less than the whole; and perhaps it would have been judicious to have added a parcel or lot to his previous offer, and so on, until it had been ascertained that nothing less than the whole would be sufficient, before offering the whole. But there is nothing in the evidence tending to show that an offer of less than the whole of the property would have received a bid, much less a bid for an amount sufficient to satisfy the execution. We can not say, on the case made, that more was offered than was necessary to satisfy the execution.

But if this were otherwise, the plaintiff is not entitled to take advantage of the irregularity.

The sheriff, we have seen, had power to sell the whole altogether. If he sold more than was necessary, that was an irregularity that rendered the sale voidable, but not void. The plaintiff, being the purchaser, can not be heard to complain that he got all the property, when a part of it might have been sold for sufficient to pay his debt.

The defendant in the execution only, or perhaps those interested through him in the question, can complain, that more property was sold than was necessary. The statute, providing that no more shall be offered than shall be necessary to satisfy the execution, was intended for the benefit of execution defendants, rather than purchasers on execution. It may be observed that sometimes the word "void" is used in the books where "voidable" would convey the meaning more accurately. So in the case of *Banks* v. *Bales*, *supra*, where more land had been sold than was necessary to satisfy an execution, and it appeared that it

was susceptible of division, the sheriff's deed was pronounced a " nullity."

We are of opinion, that that is a mistake; that a sheriff's deed in such case is not a nullity, nor is such sale void. Such sale is doubtless voidable; but, unless avoided by a party entitled to avoid it, it will be valid. The observation was made in a case where the execution defendant had brought an action to avoid the sale and set it aside, and to annul the sheriff's deed.

We are of opinion, for the foregoing reasons, that the decision below can not be sustained on the ground first above stated.

We proceed to the second.

Were the sale and entry of satisfaction properly set aside, on the ground of failure of title to the property?

There was not, as we have seen, a total failure of title. The plaintiff acquired by his purchase a right to a deed, unless the sale should be redeemed, which would convey to him the title to the six city lots, subject to the mortgage upon them. The equity of redemption might not have had any considerable value, but we can by no means say that it had none. Upon receiving the deed, the plaintiff would have been entitled to the possession of the lots, and could have held the defendant liable for the rent thereof during the year allowed to redeem the sale. 2 R. S. 1876, p. 220, sec. 2. It can not, therefore, be said, that the plaintiff acquired nothing by his purchase.

The plaintiff's bid was an entire sum upon the whole property, and not any particular sum upon any particular part; the sale, therefore, must stand or be set aside as to all the property; there can be no proper apportionment of credit upon the judgment.

The question, then, comes to this: can the plaintiff, who acquired some right or interest by his purchase, have the sale and satisfaction of the judgment entirely set aside, on the ground that he acquired much less by his purchase

than the whole property purchased, and much less than he supposed he was purchasing?

The general doctrine in this State is, that there is no warranty in judicial sales. The plaintiff, by his purchase, acquired whatever right the defendant had in the property purchased; nothing more nor less. He got no warranty, either of title or against encumbrances. If he had purchased the land from the defendant and taken a quit-claim deed therefor, in the absence of fraud, he could not have recovered back, or defended against the collection of, the purchase-money, on the ground of failure of title. See cases cited in *Brunner* v. *Brennan*, 49 Ind. 98; also *Weakley* v. *Conradt*, 56 Ind. 430; *Neal* v. *Gillaspy*, 56 Ind. 451. In Rorer Judicial Sales, sec. 476, it is said, that " The rule of *caveat emptor* applies in all its rigor to judicial sales " of real property.

There are cases, however, which hold, that, where the purchaser acquires no title whatever, the court will set aside the sale and restore the plaintiff to his original rights under the judgment.

There are also several cases in Indiana deciding, that, where the property is bought by a third person, and there is a total failure of title, the purchaser may recover the amount of his bid from the judgment defendant, as for money paid to his use. The most of the cases upon this point are cited in the case of *Weakley* v. *Conradt, supra*. The court said, in that case, speaking of those above alluded to: " But whatever may be thought of the cases, we are clear that they should not be extended beyond the bounds to which they have already gone." There is no case amongst them, we believe, which holds, that, where there is only a partial failure of title, such recovery can be had.

Whatever may be the law in a case where there is a total failure of title, a point which we do not decide, we think it clear, on general principles, that, where there has been, as in this case, an entire bid upon and purchase

of several parcels of real estate by the plaintiff in an execution, the title to some of which fails, and the residue is mortgaged for its full value, the mortgage being duly recorded, and therefore constructive notice to all the world, and the purchaser acquires a right to the mortgaged property subject to the mortgage, and no fraud has been practised by the execution defendant, the purchaser is not entitled to have the sale and entry of satisfaction set aside.

The appellee has cited several cases in support of a contrary doctrine, but none of them conflict materially, if at all, with the above proposition. We proceed to notice them:

*Ritter* v. *Henshaw*, 7 Iowa, 97, was the case of a purchase of real estate on execution by the plaintiff therein; the title totally failed. It was held, that a motion to set aside the levy and sale should prevail. But the court industriously develop the fact that there was a total failure of title, and put the decision expressly upon that ground. In the opinion, it is said: " We confine our remarks to cases where all of the defendant's interest has been taken away by a paramount claim, or where he never had any. In the present case, the mortgage was prior to the petitioner's claim " (a mechanic's lien), " and the sale under the mortgage, was antecedent to his; and the whole of the land, and the whole of the interest, were gone, so that the present applicant obtained nothing by his bid."

In *Cross* v. *Zane*, 47 Cal. 602, the plaintiff in an execution had purchased thereon certain real estate, to which the defendant had no title; and it was held, that the sheriff's sale should be set aside, and the judgment reversed. But the decision was placed upon a statute, and throws doubt upon the point whether on general principles the sale should be set aside, though there was a total failure of title. The court said: " If the controversy here were to be determined by the application of the general principles of law, there would certainly be found to be an

irreconcilable conflict between the adjudicated cases upon the point." The court then proceeds to decide the point upon a statute of that State.

In *Lansing* v. *Quackenbush*, 5 Cow. 38, one of the plaintiffs in an execution had bid off certain lots of land, supposed to belong to the defendant, at a certain specified price for each lot. The aggregate of the bids was four thousand and ninety-six dollars, which was endorsed on the execution. Before the sale, the defendant represented to the purchaser that he had title to certain of the lots, which sold for the greater portion of the sum endorsed, but which, it turned out, belonged absolutely to another. It was moved to reduce the amount of the credit upon the execution to the amount bid on the lots which the defendant owned, and strike the other lots out of the certificate of sale. The court said : " Clearly there must be a remedy in this case ; but we do not grant it upon this motion, because we think the more proper *forum* is a court of equity." It is needless to say that this case in no manner conflicts with the conclusion above arrived ·at in the case in judgment.

The same may be said of *Adams* v. *Smith*, 5 Cow. 280, where certain personal property had been levied upon and sold as the property of the execution defendants, but which belonged to another. The plaintiff in the execution had bought the property, and his bid had been endorsed as a credit upon the execution. The owner of the property had sued the plaintiff and the sheriff, and recovered its value. A motion to strike out the endorsement prevailed.

In *Piper* v. *Elwood*, 4 Denio, 165, the plaintiff had caused a horse to be sold on execution against the defendant, which sold for enough to satisfy the execution. The defendant sued the plaintiff in trespass for selling the horse, and recovered on the ground that he was exempt from sale on execution, and the plaintiff paid the judgment against him. It was held, that the defendant de-

feated the effect of the levy and sale by suing for, and recovering, the value of the property, and that the first judgment thereupon revived and might be enforced.

The case of *Tudor* v. *Taylor*, 26 Vt. 444, was a case of total failure of title, the execution defendant never having owned or been in possession of the land.

In *Steward* v. *Allen*, 5 Greenl. 103, it was held, that, where a creditor had extended his execution upon land mortgaged for more than its value, he not, in fact, knowing of the existence of the mortgage, though it had been properly recorded, he might have an *alias* execution and satisfaction out of other property.

The decision, however, like the California case, was made upon a statute, and not upon general principles of law.

The case of *Coos Bank* v. *Brooks*, 2 N. H. 148, was much like that last above cited, and, like it, was decided upon a statute.

From the view which we have taken of the case, we deem it unnecessary to consider a point made by counsel for the appellant, in respect to evidence contradictory to the sheriff's return. See, however, *Stockton* v. *Stockton*, *post*, p. 574,

We are of opinion, upon the facts shown, that the plaintiff was not entitled to have the sale or entry of satisfaction set aside, and, therefore, that a new trial should have been granted.

The judgment below is reversed, with costs, and the cause remanded for a new trial.