Filed Nov. 22, 1883.

———————◆———————

No. 9918.

BRAKE ET AL. *v.* BROWNLEE, ADMINISTRATRIX.

SHERIFF'S SALE OF REAL ESTATE.— *Written Memorandum.—Rights of Purchaser.*—Where, upon proper notice of the time and place of sale, the sheriff offers and sells, according to law, a tract of land to the highest and best bidder for a reasonable price, and at the time makes a written memorandum of such sale, the purchaser will be entitled, upon payment or tender of the amount of his bid, to the sheriff's certificate of such sale, and, at the proper time, if there be no redemption from the sale, to the sheriff's deed of such real estate.

SAME.—*Sale in Parcels.—Sale in Solido.*—On a sale of real estate by a sheriff, upon execution or order of sale, if such real estate consist of two or more lots, tracts, or parcels, it is the imperative duty of the sheriff to offer each of them separately; and if he receive a fair and reasonable bid for a single lot, tract, or parcel, when separately offered, it is also his duty to separately sell the same to such bidder, although the amount of the bid be not sufficient to satisfy the execution or order of sale.   In such case, the fact that the sale of all the lots, tracts, or parcels, may be necessary to satisfy the execution or order of sale, will not authorize the sheriff to sell the same *in solido.*

From the Superior Court of Vigo County.

*N. G. Buff* and *D. T. Morgan,* for appellant.

*G. C. Duy, G. W. Faris, C. F. McNutt* and *J. G. McNutt,* for appellee.

HOWK, J.—This suit was commenced by John R. Brownlee, as plaintiff, against the appellants, John J. Brake, Carl Brake and Jackson Stepp, as sheriff of Vigo county, as the defendants, in a complaint of one paragraph.   In his com-

plaint the plaintiff alleged that on May 13th, 1880, John J. Brake sued out of the clerk's office of the Vigo Circuit Court an execution upon a judgment therein rendered, on June 13th, 1876, in his favor and against John V. Carr, and Stephen Brady, which execution was delivered to the then sheriff of Vigo county, and commanded him to make thereon the sum of $1,278.80, the principal, interest and costs of such judgment, and accruing costs; that such judgment was then in full force against said Carr and Brady, and was wholly unpaid, and the full sum for which the execution issued was then due thereon; that, by virtue of such execution, the then sheriff, on May 25th, 1880, levied upon the two tracts of land in Vigo county, described in the complaint as the property of said John V. Carr; that on June 19th, 1880, after having first duly advertised such tracts of land for sale as required by law, the then sheriff offered the same at public auction, at the court-house door in the city of Terre Haute, between the hours of ten o'clock A. M. and four o'clock P. M. of said day, and the plaintiff then and there bid the sum of $500 for the first described tract of land, to wit, the east half of the northwest quarter of section 17, in town 10 north, of range 9 west, and, he being the highest and best bidder, the said tract was then and there by the sheriff struck off and sold to the plaintiff, and a written memorandum thereof was made by the sheriff, and the plaintiff offered to pay the amount of his bid, but was told by the sheriff that he had not time to attend to it that afternoon and to make out the certificate of purchase, but to come in on Monday morning and it would be ready for him, and the plaintiff, in accordance with his directions, went to his office on the following Monday morning and offered to pay the amount of his bid and demanded his certificate of purchase, which being refused, he then and there tendered the sum of $500 in lawful money of the United States, and again demanded a certificate of purchase, which was again refused.

The plaintiff further alleged, upon information, that, after

his purchase of the tract of land described as aforesaid, the then sheriff, at the request and instigation of the defendant John J. Brake, disregarding the plaintiff's rights and ignoring the sale already made to him, and without notifying him, returned to the court-house, and illegally, and without right, re-offered the said real estate for sale, and struck off and sold both tracts of land to the defendant John J. Brake, who, as the plaintiff was informed and believed, was then claiming to have a right to a deed of such property, at the expiration of the year for redemption, on June 19th, 1881.

The plaintiff further alleged that he had been at all times since his purchase ready, willing and anxious to pay the amount of his bid, and he then brought into court the said sum of $500, for the use of the judgment plaintiff.

Wherefore the plaintiff prayed that the defendant Stepp, as sheriff, might be restrained by the order of the court from executing a deed to John J. Brake for the tract of land so purchased by plaintiff, and that, upon the final hearing, the sheriff might be directed to execute a deed of such tract of land to the plaintiff, and that his title thereto might be quieted, etc.

Afterwards, the plaintiff amended his complaint, by alleging that the sheriff's sale, charged in the original complaint to have been made to John J. Brake, was in fact made to Carl Brake as purchaser, but that Carl Brake made such purchase at the instigation, request and procurement of John J. Brake, who was the real party in interest in such sale; that, on June 19th, 1880, John J. Brake receipted over his own signature, on the execution, for the full amount of his judgment, to satisfy which the sale was made; that Carl Brake had no interest whatever in the land or sale, except to do the bidding of John J. Brake; and that Carl Brake never paid any money on such purchase, and never had any interest therein, but claimed an interest by reason of the purchase having been made in her name; wherefore, etc.

The death of the plaintiff, John R. Brownlee, was afterwards suggested to the court, and the appellee, Jane M.

Brownlee, as administratrix of his estate, was made plaintiff in his stead. The cause was put at issue and tried by the court, and a finding was made for the appellee, and judgment was rendered accordingly, as prayed for in the complaint.

The only error relied upon by the appellants' counsel in argument, for the reversal of the judgment, is the overruling of the defendants' motion for a new trial. The only causes assigned for such new trial, in the motion therefor, were, that the finding of the court was contrary to law, and was not sustained by sufficient evidence. There is no conflict in the evidence appearing in the record. The facts stated in the complaint were proved, by the oral and written evidence, substantially as alleged. It is claimed, however, by the appellants' counsel, that the sale of the tract of land to John R. Brownlee was shown to have been a mistake on the part of the sheriff's deputy who made the sale; and that, therefore, the sale was invalid and the finding of the court was erroneous. The material portion of the evidence of the deputy sheriff, who made the sale, reads as follows: "That at the time he made the sale to John R. Brownlee of the 80-acre tract for $500, he had in his pocket a written bid of $1,322.64 for the whole of the lands advertised, which fact he had forgotten when he struck off the 80-acre tract to Mr. Brownlee; that immediately after the sale he notified Mr. Duy, Mr. Brownlee's attorney, that he had made a mistake and should re-offer the land, which he did, as set out in the return."

The testimony of George C. Duy, Esq., Mr. Brownlee's attorney, on the subject of the alleged mistake, was as follows: "After the sale the sheriff informed me of the Brake bid for all the land, for the amount of the judgment, and I then told him (the sheriff) that I knew nothing about a bid from Brake, and that I would rely upon the sale of the eighty acres to Brownlee. I knew nothing of any bid by Brake till after my bid was made and purchase closed, and memorandum made by the sheriff of the sale to Brownlee on my bid."

Brake *et al. v.* Brownlee, Administratrix.

We do not think that this evidence shows any such mistake in the premises as would or ought to invalidate the sheriff's sale to John R. Brownlee. Certainly, the sale was valid and binding as against Brownlee, and we know of no good reason why it should not be held equally as valid and binding in his favor. It was the legal duty of the sheriff to separately offer and sell the two tracts of land, if he could do so; and that he could offer and sell one of two tracts, separately from the other tract, is conclusively shown by the fact that he did separately offer and sell one of the tracts to Brownlee. It is not shown or claimed that the sheriff had, or held any competing bid, which he had forgotten, for the single tract of land which he offered and sold, according to law, to John R. Brownlee. In *Tyler* v. *Wilkerson*, 27 Ind. 450, this court held that a sale by a sheriff of several distinct parcels of land, *in solido*, without offering the several tracts separately, is voidable. This decision has been repeatedly approved, and, so far as we are advised, has never been doubted even in this court. *Piel* v. *Brayer*, 30 Ind. 332; *Gregory* v. *Purdue*, 32 Ind. 453; *Voss* v. *Johnson*, 41 Ind. 19. The correctness of these decisions is not questioned in *Weaver* v. *Guyer*, 59 Ind. 195, cited by appellants' counsel; but it was there held that the doctrine of the cases cited was not applicable to, nor decisive of, the case then in hand.

In the case at bar, we are of opinion that the evidence shows a valid sale of the 80-acre tract to John R. Brownlee, and an invalid and void sale of both tracts to the appellant Carl Brake.

The judgment is affirmed, with costs.

Filed Nov. 21, 1883.