MUIR
v.
CRAIG.

Muir *v.* Craig.

The purchaser at sheriff's sale of land, to which the execution-debtor had no title, but which belonged at the time to the *United States*, can recover from the debtor, in equity, the amount of the purchase-money paid to the sheriff, though no fraud in relation to the sale be imputed to the debtor.

ERROR to the *Ripley* Circuit Court.

*Wednesday,*
*November 27.*

BLACKFORD, J.—This was a bill in chancery filed by *Muir* against *Craig.* The bill charges, that one *Jennings* had obtained judgment against *Craig* for 379 dollars and 92 cents; that execution was taken out on that judgment; that the sheriff levied the execution on a certain tract of land supposed to be the property of *Craig;* that the complainant, believing the land to be *Craig's,* purchased the same at the sheriff's sale for 295 dollars, paid the purchase-money, and received the sheriff's deed. The bill further charges that *Craig,* both on and before the day of sale, represented the land to be his; that the land in reality belonged to the *United States* and not to *Craig;* and that the sheriff's sale and deed conveyed no title to the complainant. The object of the bill is to compel the defendant, who is the judgment-debtor, to refund to the complainant the amount of the purchase-money for the land, paid by the latter to the sheriff.

The answer denies all the particulars of fraud charged, but it admits the other material facts stated in the bill. There was a supplemental bill filed, but the cause does not require a particular notice of it. There are a number of depositions in the record, but they leave the case in the same situation, substantially, in which it previously stood upon the bill and answer.

The Circuit Court dismissed the bill at the complainant's costs.

The question which is presented by this case is, whether the purchaser at sheriff's sale of land, to which the execution-debtor had no title, but which belonged at the time to the *United States,* can recover from the debtor, in equity, the amount of the purchase-money paid to the sheriff, though no fraud in relation to the sale be imputed to the debtor?

We find this question, so far as it could arise in a case of the

Nov. Term,
1833.

sale of a negro, decided in the affirmative by the Court of Appeals in *Kentucky*, in *M'Ghee* v. *Ellis*, 4 Littell, 244. Our opinion is in accordance with that decision, the principle of which must, we conceive, be applicable to a case of the sale of land. *Craig's* debt to *Jennings*, as to 295 dollars, has been paid by *Muir*. The consideration for that payment,—viz. the land sold by the sheriff to *Muir* as *Craig's* property,—has entirely failed. *Muir* must be entitled, under the circumstances of the case, to recover in equity from *Craig*, who has received the benefit, the purchase-money paid to the sheriff for the land, with interest. The decree of the Circuit Court, in favour of the defendant, is erroneous and must be reversed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

J. *Test* and *A*. *Lane*, for the plaintiff.
G. H. *Dunn*, for the defendant.