IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1857, IN THE FORTY-FIRST
YEAR OF THE STATE.

---

## PRESTON v. HARRISON.

The purchaser at sheriff's sale, of land to which the execution-debtor has no
title, may recover the purchase-money of the debtor, though no fraud be
imputed to him.

APPEAL from the *Morgan* Circuit Court.

GOOKINS, J.—One *Vanausdall*, having recovered a judgment against *Preston*, the defendant, sued out a writ of *fieri facias* thereon, which was levied upon a tract of land, which, at the sheriff's sale, was struck off to the plaintiff for 133 dollars and 33 and one-third cents, and he received the sheriff's deed. This action was brought to recover the money so paid, on the ground that *Preston* had no title to the land.

A demurrer to the complaint was overruled. An answer was filed, denying the allegations of the complaint, except that the defendant had no title to the land, which was admitted, and alleging that the plaintiff well knew

Monday,
May 25.

May Term,
1857.

PRESTON
v.
HARRISON.

that the defendant had no title when he purchased. To avoid this allegation, the plaintiff replied, that he did not know or believe that the defendant had no title to the land; that the defendant had been for a long time in possession of the land, claiming it as his own; and that he was induced by the fraud of the defendant to believe that he was the owner. There was a trial by the Court, finding for the plaintiff, new trial refused, and judgment. The record contains the evidence, which consisted of the judgment, execution, and sheriff's return, as stated in the complaint, (which return states the payment of the bid by the plaintiff,) and proof of a demand of the money, by the plaintiff, of the defendant.

The case of *Muir* v. *Craig*, 3 Blackf. 293, is similar to the present. It was there held that the purchaser at a sheriff's sale, of land to which the execution-debtor had no title, but which belonged, at the time, to the *United States*, could recover from the debtor, in equity, the amount of the purchase-money paid to the sheriff, though no fraud in relation to the sale be imputed to the debtor. If there be a difference in the two cases, it consists in the fact, that in that case the land belonged to the *United States*, while here, the plaintiff, in his reply, alleges that the defendant was, and had been for a long time, in possession of the land, claiming it as his own. Whether the case requires that this allegation shall be deemed controverted or avoided, as provided in s. 74, 2 R. S. p. 44, can only be inferred from the nature of the defense, which is, that the money was paid by the plaintiff voluntarily, and with a knowledge that the defendant had no title. That position seems to indicate that the defendant, had he been at liberty to plead further, would have denied the averment. On the subject of possession, there was no proof. The defendant having admitted that he had no title, and there being no proof that he was in possession, claiming the land as his own, it appears that the plaintiff has paid money to the defendant's use, for which he has received nothing. This raises a strong equity in favor of the plaintiff, and brings the case within that of *Muir* v. *Craig*, *supra*. That case was

approved in *Dunn* v. *Frazier*, 8 Blackf. 432, and we adhere to it (1).

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. W. Gordon*, for the appellant.

<div style="text-align:right">May Term, 1857.

(1) *Muir* v. *Craig* followed *M'Ghee* v. *Ellis*, 4 Lit. 244, a case of the sale of a negro. By *Dunn et al.* v. *Frazier*, it was decided, that if land be sold on execution, and the creditor receive the purchase-money, the purchaser cannot, either at law or in equity, recover back the money from the *creditor*, merely because the debtor had no title; but that the *debtor* is liable to the purchaser, in equity, for the purchase-money.