PENNINGTON *v.* CLIFTON.

The purchaser at sheriff's sale of land to which the execution-debtor has no title, can recover from the debtor the amount of the purchase-money paid to the sheriff, though no fraud in relation to the sale be imputed to the debtor. The complaint, in such case, need not allege a demand.

APPEAL from the *Hendricks* Circuit Court.

DAVISON, J.—The appellant was the plaintiff, and the appellee the defendant. The complaint charges that one *Aaron Talbee* recovered a judgment in the *Putnam* Circuit Court against *Andrew Clifton*, the defendant, for 532 dollars; that the sheriff, by virtue of an execution issued on said judgment, levied upon and exposed to sale a certain tract of land, supposed to be the property of *Clifton*, and that *Pennington*, the plaintiff, believing the land to be *Clifton's* purchased it at the sheriff's sale for 667 dollars, paid the purchase-money, and received a deed pursuant to the sale; that at the time of the judgment, levy and sale, one *John Clifton*, and not the defendant, was, and still is, the owner of said land in fee simple, and that such ownership

was at all times, until after the sale and conveyance by the sheriff, unknown to the plaintiff. It is averred that the plaintiff has fully paid and satisfied the above judgment; and that the defendant, though he had no title whatever to the land sold, refuses to repay, &c.

Demurrer to the complaint sustained; and final judgment for the defendant.

*Muir* v. *Craig*, 3 Blackf. 293, decides that the purchaser at sheriff's sale, of land to which the execution-debtor had no title, could recover from the debtor in equity, the amount of the purchase-money paid to the sheriff, though no fraud in relation to the sale be imputed to the debtor. This decision obviously applies to the facts stated in the record and seems to be decisive of the case at bar (1). Still, however, it is contended that the complaint is defective, because it does not allege a special demand on the defendant for the money advanced to the plaintiff. In general, when a debt exists payable immediately, the law does not impose on the plaintiff the necessity of stating a special request or demand in the declaration. The bringing of the action is itself a legal demand. Tomlins's Law Dic. 532.—*Ernst* v. *Bartle*, 1 Johns. Cases, 319. If the rule just stated be correct, and we think it is, the complaint must be held unobjectionable; because the consideration upon which the plaintiff paid the defendant's debt, having entirely failed, he became at once liable to refund. We are, therefore of opinion that a special demand before suit was unnecessary.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the appellant.

*J. S. Miller, H. C. Newcomb, J. S. Harvey* and *J. S. Tarkington*, for the appellee.

(1) See *Preston* v. *Harrison*, 9 Ind. R. 1.