## REED & Co. *v.* CROSTHWAIT.

Where an execution plaintiff purchases at sheriff's sale, real estate which, at the time of the sale, was supposed to belong to the defendant, but to which he had no title, and the amount of the bid is credited upon the judgment, the plaintiff may recover back from the defendant the amount of the purchase money.

Where in an agreed case, it appeared that the plaintiffs recovered a judgment against the defendant, for the sum of $205,76 ; that an execution was issued on said judgment, and levied on an eighty acre tract of land, supposed to be the property of the defendant ; that the land was bid off and purchased by the plaintiffs at the sheriff's sale, for the sum of $75, which amount was credited on their judgment ; that the plaintiffs received a certificate of purchase from the sheriff, but have never received any deed ; and that the defendant never had any title to the land ; *Held*, That the plaintiff could recover of the defendant the amount bid on the land, and credited on the judgment.

*Appeal from the Johnson District Court.*

WEDNESDAY, JUNE 17.

This is an agreed case, upon the following statement of facts : Reed & Co., recovered judgment against Crosthwait for $205,76, on the 28th of April, 1854. An execution was issued, and was levied on an eighty acre tract of land, supposed to be the property of the defendant. The sale was twice adjourned by the sheriff for want of bidders, but on the 13th of June, 1854, the land was bid off

and purchased by the plaintiffs at $75, and they received a certificate of the purchase from the sheriff, but have never received a deed. They are ready and willing to deliver up the certificate. At the time of the levy, it was supposed that the land was the property of the defendant, but neither then, nor since, has he had any title thereto.

The plaintiffs claim that they are entitled to recover from the defendant, the said sum of seventy-five dollars, with interest from the 13th of June, 1854, the day of sale. It is agreed, that if the court is of the opinion that the defendant is liable upon the facts, then judgment is to be rendered for said sum in favor of the plaintiffs; but if the court find for the defendant, then judgment is to be rendered in his favor for costs. The district court, at the October term, 1856, rendered judgment for costs in favor of the defendant, and the plaintiffs appeal.

*Clarke & Henley*, for the appellants, relied upon *McGhee* v. *Ellis*, 4 Littell, 245, and *Dunn* v. *Frazier*, 8 Blackf., 432.

*Wm. E. Miller*, for the appellee, cited Brown's Legal Maxims, 606; 1 Parsons on Cont., 459; 3 Watts, 490; *Freeman* v. *Caldwell*. 10 Ib., 9.

WOODWARD, J.—From the agreement of the parties, we infer, that if the plaintiff is entitled to recover in any form of proceeding, and whether in law or in equity, judgment is to be rendered accordingly.

It has been held frequently, that a levy upon personal property is a satisfaction of the judgment under which the levy is made. *Ex parte Lawrence*, 4 Cowen, 417; *Reed* v. *Staats*, 7 Johns., 426; *Hoyt* v. *Hudson*, 12 Ib., 207; *Wood* v. *Torrey*, 6 Wend., 562; *Jackson* v. *Bowen*, 7 Cow., 21; 8 Cow., 192. This appears to have been held when the question arose as to the rights of third parties, and as to the continuance of a lien on land, in favor of the party making the levy on the personalty, and under circumstances

similar to these. But no case has been seen which maintains this doctrine between the plaintiff and defendant; unless in connection with the fact that the levy had not been disposed of. And this doctrine has not, that we are aware, been applied to a levy upon real estate. A material ground of distinction, and that probably upon which the cases proceed, is, that personalty is seized and taken into the possession of the officer, so that, until it is disposed of, it must stand as a satisfaction.

Upon principle, and on grounds of equity, we do not see why the purchaser should not be permitted to recover, where it turns out that the execution defendant was not the owner of the property levied on and sold, whether real or personal. Whatever influence the above doctrine, in relation to a levy upon personalty, may have had in some cases, as that has not been applied to a levy on realty, its influence would cease, and the objections would be reduced to those of a purely technical character, which ought to yield to substantial justice. We do not know that it has been decided, that the purchaser of personal property could not recover, on the property being taken from him, because the defendant was not the owner, even where the purchaser was the plaintiff in the judgment, and we are not called upon to consider that question.

The present is a case of the sale of real property, where the judgment plaintiff was the purchaser. And if we find cases which permit a recovery, we think that just principle will sustain us in following them.

The case of *McGee* v. *Ellis*, 4 Littell, 244, was upon the sale of a slave, which, it is believed, is held as real estate in Kentucky. It was a bill in chancery, brought by the purchaser, a third person, (from whom the property had been recovered by another stranger,) against the plaintiff and defendant—the creditor and debtor. The court of appeals held, that the purchaser was entitled to recover in equity from the debtor, because the debt being paid by the money of the purchaser, he would, in equity, be entitled to be substituted in the place of the execution creditor, so

far, at least, as to enable him to maintain a valid demand against the debtor, but he could not recover of the creditor.

Following this, in the case of *Muir* v. *Craig*, 3 Blackf., 293. On a judgment of Jennings against Craig, Muir bought the land offered for sale. The bill, (in chancery), alleged that Craig had no title, but that this was in the United States. The circuit court dismissed the bill. The supreme court, (Blackford, J., delivering the opinion), refer to the case of *McGhee* v. *Ellis*, and say: " Our opinion is in accordance with that decision, the principle of which must, we conceive, be applicable to a case of the sale of land. Muir must be entitled to recover in equity from Craig, who has received the benefit, the purchase money paid to the sheriff for the land with interest."

Another case, is *Dunn* v. *Frazier*, 8 Blackf., 432. Under similar circumstances, Frazier, the purchaser, who was a third person, brought his bill against the judgment plaintiff, or creditor, and the administrators of the debtor. The circuit court rendered a decree against the creditor, which decree was reversed by the supreme court, which held that the creditor was not liable; but that Frazier was entitled to a decree against the debtor. Smith J., in the opinion of the court, says: "The rule *caveat emptor* is generally applied with strictness to purchasers at sales under executions." And citing the case of *Muir* v. *Craig*, he says: "This was a relaxation of the rule, and it was going as far as we should be warranted in going in the present case."

The only difference between these cases and the one at bar, is, that here the creditor makes the claim; and when the cases, as in *McGhee* v. *Ellis*, say that the purchaser is entitled, in equity, to be substituted in the place of the creditor, they imply that the latter would, of course, be entitled to recover. And if the equity of the purchaser rests upon the fact, that his money has gone to the defendant's benefit in paying his debt, that of the creditor would be equally strong, resting upon the fact that his

debt is not paid.    Another case is, *Preston* v. *Harrison*, 9 Ind., 1.

It is our opinion that the petitioner ought to recover. But as the point is not made, we do not determine whether he can recover at law, or whether he must resort to equity.

The judgment of the district court is reversed, and the cause is remanded.