FINNESSE E. McLEAN, Plaintiff in Error, *v.* JAS. H. MARTIN, Defendant in Error.

1. *Equity — Sheriff's sale — Misdescription — Purchase — Action for recovery of purchase money — Caveat emptor.*—A. owned certain described land in the north-*west* quarter of section *thirty*-five, township sixty, range thirty-six. Under execution against him, the sheriff, by mistake, sold and deeded to B. a tract similarly described in the north-*east* quarter of section *twenty*-five of the same township and range, to which A. had no title. The purchase money

McLean v. Martin.

was paid, and went to extinguish the judgment against A. Supposing the land to be his, A. surrendered it to B., who moved on it and made improvements. Afterwards, discovering the misdescription, A. regained possession, claimed the land, and refused to refund the purchase money. *Held*, that the doctrine *caveat emptor* had no application to such a case; that the consideration for the money paid on execution had failed, B. having no title to the land, and that an action for the recovery of the money so paid was properly maintainable.

### *Error to Fifth District Court.*

*H. S. Kelley* and *J. J. Davis*, for plaintiff in error.

One who purchases land at a sheriff's sale, supposing it to be that of the judgment debtor, pays the money, takes possession, and makes lasting improvements, and is afterwards dispossessed by the debtor, may recover back the amount of the purchase money, even when no fraud at the sale is imputed to the debtor. The doctrine of *caveat emptor* does not apply to the case at bar. (Valle's Heirs v. Fleming's Heirs, 29 Mo. 152; Heath v. Daggett, 21 Mo. 69; Magwire v. Marks, 28 Mo. 193.) The doctrine we contend for, and which we maintain has been expressly adopted and approved in this State by the cases cited, is recognized as sound equity law in several, if not all, of the States of the Union. (Muir v. Craig, 3 Blackf. 283; Bunts v. Cole, 7 Blackst. 268; Dunn v. Frazier, 8 Blackf. 432; Preston v. Harrison, 9 Ind. 1; Pennington v. Clifton, 10 Ind. 172; Richmond v. Marston, 15 Ind. 137; Seller v. Lingerman, 24 Ind. 264, 267; Julian v. Beal, 26 Ind. 220; Hawkins v. Miller, *id.* 173; 4 Scam. 489; 24 Ill. 281, 285; Gwin on Sheriffs, 357, 382; Hudgins v. Hudgins' Ex'r, 6 Grat. 320; Howard v. North, 5 Texas, 315; 21 Texas, 287, 772; McGee v. Ellis, 4 Littell, 244; McLaughlin's Adm'r v. Daniel, 8 Dana, 182; Geoghegan v. Ditto, 2 Metc., Ky., 324, 433; Bentley v. Long, 1 Strob. Eq. 43; Dufour v. Camfranc, 11 Martin, 615; Haynes v. Courtney, 15 La. Ann. 630; Fenno v. Coulter, 14 Ark. 114; 21 Conn. 451, 460; Reed *et al.* v. Crosthwait, 6 Iowa, 219; Ritter v. Henshaw, 7 Iowa, 97.) Plaintiff is entitled to recover for improvements. (Gen. Stat. 1865, p. 609, §§ 20–1; 35 Mo. 251; Bright v. Boyd, 2 Sto. 605; 29 Mo. 152; Sedgw. on Dam. 139; Sto. Eq. Jur., Redf. ed., §§ 799, 1237–8, notes.)

*Woodson, Heren & Rea*, for defendant in error.

The rule of *caveat emptor* applies in our State to sheriffs' sales of real estate under execution, and the purchaser buys at his peril. (10 Mo. 157; 29 Mo. 152; 25 Mo. 572; 14 Mo 153; 37 Mo. 363.)

WAGNER, Judge, delivered the opinion of the court.

In this case a demurrer to the petition was sustained by the Circuit Court, and final judgment rendered for the defendant. Exception was taken, and the case appealed to the District Court, where the judgment was affirmed. The case is now here by writ of error. The petition sets forth the following facts, namely: that on the 8th day of October, 1863, Ellison Townsend, as public administrator, having in charge the estate of Samuel Elliott, deceased, recovered a judgment in the Andrew County Circuit Court against the defendant for the sum of $1,636.39; that an execution was duly issued on said judgment, and by the sheriff levied on " one hundred and five acres, off the west side of the northeast quarter of section twenty-five,.township sixty, range thirty-six," the sheriff supposing and believing that he was levying upon the land owned by the defendant; that at the sheriff's sale of said land, on the 6th day of April, 1864, the plaintiff, believing that the land belonged to the defendant, purchased the same for the sum of $850, paid the purchase money to the sheriff, and received from him a deed for the land, and the purchase money was applied to the extinguishment of the judgment against the defendant; that the defendant had no title to, or interest whatever in, the land sold by the sheriff and purchased by the plaintiff, but did own, have title to, and, at the time, was in possession of, the west part of the northwest quarter of section thirty-five, township sixty, range thirty-six, one hundred and five acres, etc.; that the sheriff intended, supposed, and believed, at the time of making the levy and sale, that he was selling, and the plaintiff supposed and believed he was buying, the last-described tract of land which the defendant actually owned and possessed; but, being ignorant of the true description of the

defendant's land, the sheriff, by mistake, misdescribed it in the levy and sale, making the first-named description instead of the latter; that afterward, by virtue of said sheriff's sale and deed, plaintiff entered upon and took possession of the last-described tract of.land, which he supposed he had bought—the defendant surrendering the possession of the same to him—and, in good faith, made valuable and lasting improvements, by setting out thereon one thousand apple and other fruit trees, and otherwise repairing and improving the same to the amount of $1,000; that on the 6th day of February, 1865, he sold and conveyed the land to one Valentine Gunselman, who from thence remained in possession, making lasting and valuable improvements thereon, until the — day of January, 1869, when the defendant, discovering the mistake in the description of the land by the sheriff, by some artifice, contrivance, or means unknown to the plaintiff, moved upon and took possession of said land, ousting and evicting the plaintiff, and Gunselman holding under him, from said premises, and still continues in possession of the same, whereby, and by reason whereof, plaintiff became liable to said Gunselman, and was compelled to and did refund to him the purchase money received for said land, and the interest thereon, and pay him for his improvements; that the defendant never had any title or right whatever to the first-described tract of land, or to any part or parcel thereof; that plaintiff did not take possession of the same, and that the sheriff's sale and deed conveyed to him no title or right thereto; wherefore the consideration for the payment of said $850 to the sheriff, on the execution and judgment aforesaid against the defendant, wholly failed. Prayer for judgment for the sum of $850 and interest thereon, and for the further sum of $1,000 for improvements made on the premises.

There was an objection raised in the demurrer that the petition was multifarious and contained a misjoinder; but neither party has paid any attention to it in this court, and the essential point in the case is that the petition does not state facts sufficient to constitute a cause of action. The argument for the defendant in error is that the plaintiff has no claim for repayment or compensation; that he purchased at his peril, and that the doctrine of

*caveat emptor* applies in judicial sales to the fullest extent. In support of this position, reliance is exclusively placed on several cases decided in this court. I will briefly examine the cases to see whether they are absolute authority for the doctrine contended for.

The first case is Hensley v. Baker, 10 Mo. 157. That was a case where a slave was sold, who had been wounded by a cut on the leg. The slave was present at the sale, and his leg was examined. The sheriff was heard to say that nothing was the matter with the leg but the scratch of a brier. Hensley, the purchaser, was told of the hurt the slave had received, though he was at the same time informed that the wound was healed. This information was derived from one of the plaintiffs in the execution, who said he had known the slave all his lifetime. After the slave was struck off to him, he refused to pay the money and complete his purchase, and, on a re-sale, the slave brought a less sum, and an action was commenced for the difference. In his defense he set up the unsoundness of the slave; and the court held that in sales by sheriffs there is no implied or express warranty of the title or soundness of the goods sold; that the rule *caveat emptor* applied to such cases. But it may be said of that case that it was the sale of a personal chattel, which was present and inspected at the sale, and we know of no authority for implying a warranty under such circumstances.

In Owsley v. Smith, 14 Mo. 153, it was held that a purchaser of land, at a sale conducted under an order made in a proceeding in partition, can not avoid the payment of the purchase money upon the ground of a failure of title; that such sales are made, like those under ordinary executions, without warranty of title, and that the deed executed conveys the interest, whatever it may be, of the parties to the proceeding, and is a bar against them and all persons claiming under them. Napton, J., in his opinion says: "It was not the intention of the Legislature to make the parties to a proceeding in partition responsible for the title, where it was directed to be sold. The whole object of this statute is to enable parties who have an undivided interest in lands, to divide that interest, whatever it may be. When a sale

is made, no warranty attends the sale, nor is any authorized. The sheriff is required to sell as in case of ordinary executions at law. It is well understood by all parties, purchasers and others, that the purchaser under an execution buys the title of the judgment debtor, and nothing more." The judge then proceeds to remark that an action in respect to a partition makes ample provision for an investigation of the title; that if any person other than the petitioners or defendants claims any interest, he can be made a party and his claims adjudicated. In Schwartz v. Dryden, 25 Mo. 572, the rule established in Owsley v. Smith was affirmed, but there is a material difference between both those cases and the one now under consideration.

The case of Heath v. Daggett, 21 Mo. 69, is not reconcilable with a strict application of the maxim of *caveat emptor* to execution sales; and in Magwire v. Marks, 28 Mo. 193, it was decided that if a levy of an execution be made upon property not belonging to the defendant therein, and such execution be returned satisfied to the amount made by the execution sale, should the plaintiff in the execution be compelled to refund to the true owner the amount received by him from such sales, he will be entitled to have the satisfaction indorsed on the execution set aside, and to have an execution issued for the full amount of the judgment. The reasoning of the court was that the facts of the case showed that the plaintiff had received no benefit from anything which had been done under the execution, and that the defendant had received no injury; that the plaintiff had obtained no money, and the defendant had lost none; that both parties were placed *in statu quo*. The rule of *caveat emptor* was admitted to be the law of this State, but a section of the statute was referred to to show that the intention of the Legislature was not to extend its operation. A principle strongly analogous to the one contended for by the plaintiff in error in this case, was decided in Valle's Heirs v. Fleming's Heirs, 29 Mo. 152. It was there held that where land is purchased in good faith at an administrator's sale, which is void because the requirements of the statute are not pursued, and the purchase money is applied in extinguishment of a mortgage to which such land was subject

in the hands of the owner, the purchaser will be subrogated to the rights of the mortgagee to the extent of the purchase money applied in the extinguishment of the mortgage, and the owner will not be entitled to recover possession until he repays such purchase money. The discharge of the encumbrance with the money of the purchaser at the sale was held to be a payment directly for the benefit of the debtors, and that it would be inequitable to permit them to recover the property without repayment of the purchase money.

In all the adjudicated cases in this court, hereinbefore alluded to, the precise question presented in this case has not come up. No case can be found in this State where money has been paid under such a complete misapprehension of facts; where a party has paid his money in good faith, and the payment has been applied to the discharge of the execution debt, and the other party has attempted to avail himself of the benefit of the payment, and to also hold the estate supposed to be purchased.

The question has frequently arisen in other States, and been decided in favor of the maintenance of the action. In Kentucky, the case of McGee v. Ellis, 4 Litt. 244, was upon the sale of a slave, which, it must be remembered, was held there to be real estate. It was a bill in chancery, brought by the purchaser, a third person (from whom the property had been recovered by another stranger), against the plaintiff and defendant, the creditor and debtor. The Court of Appeals held that the purchaser was entitled to recover in equity from the debtor, because, the debt being paid by the money of the purchaser, he would, in equity, be entitled to be substituted in the place of the execution creditor, so far at least as to enable him to maintain a valid demand against the debtor, but he could not recover of the creditor. As further illustrations of the same principle, see McLaughlin's Adm'r v. Daniel, 8 Dana, 182, and Geoghegan v. Ditto, 2 Metc., Ky., 433.

In Indiana, the first reported case is Muir v. Craig, 3 Blackf. 293. There Jennings obtained a judgment against Craig, and the sheriff levied the execution on a tract of land supposed to be the property of Craig, but which really belonged to the United

States. Muir purchased the same at sheriff's sale, and received a deed therefor. The purchase money was indorsed on the execution and applied to the satisfaction of the judgment. The complainant, Muir, then filed his bill to compel the defendant, who was the judgment debtor, to refund to him the amount of the purchase money for the land, paid by the latter to the sheriff; and it was decided by the court that a purchaser at sheriff's sale of land to which the execution debtor had no title, but which belonged at the time to the United States, could recover from the debtor, in equity, the amount of the purchase money paid to the sheriff, though no fraud in relation to the sale was imputed to the debtor. Blackford, J., in delivering the opinion of the court, said: "Craig's debt to Jennings has been paid by Muir. The consideration for that payment—viz: the land sold by the sheriff to Muir as Craig's property—having entirely failed, Muir must be entitled, under the circumstances of the case, to recover in equity from Craig, who had received the benefit, the purchase money paid to the sheriff for the land, with interest." This case was followed and approved in Bents v. Cole, 7 Blackf. 268 ; Dunn v. Frazier, 8 Blackf. 432 ; Preston v. Harrison, 9 Ind. 1 ; Pennington v. Clifton, 10 Ind. 172 ; Richmond v. Marston, 15 Ind. 137 ; Seller v. Lingerman, 24 Ind. 264 ; and in Hawkins v. Miller, and Julian v. Beal, 26 Ind. 173, 220. In Iowa the same rule obtains, and the same doctrine is approved. (Reed v. Crosthwait, 6 Iowa, 219 ; Ritter v. Henshaw, 7 Iowa, 97.) As sustaining the same view, see also Hudgins v. Hudgins, 6 Gratt. 320 ; Howard v. North, 5 Texas, 315 ; Bentley v. Long, 1 Strob. Eq. 43 ; Dufour v. Camfranc, 11 Martin, 615 ; Haynes v. Courtney, 15 La. Ann. 630 ; Fenno v. Coulter, 14 Ark. 114 ; Peltz v. Clark, 5 Pet. 482.

The cases just referred to, and the case we are now considering, are clearly distinguishable from those cited by the counsel for the defendant in error; and to decide this case for the plaintiff in error, it is not necessary to impair their force or qualify them in the least. Indeed, they are in harmony with the received doctrine as to the liability of purchasers at sheriffs' sales, and did we believe that they applied here, we should cheerfully follow

them. But, with the exception of Valle's Heirs v. Fleming's Heirs, no such question has ever been before this court.

The plaintiff bought at a fair sale, and paid his money; that money was regularly paid to the creditor, and went to extinguish the judgment against the debtor. It was, then, so much paid for the use and benefit of the debtor. The debtor supposed that his land was sold, and surrendered it to the purchaser, who moved on it and made improvements. Afterwards, ascertaining the mis-description and finding the mistake, the debtor regains posses-sion, and now claims the land, and refuses to refund the money which the purchaser paid for his use, and which was applied to the discharge of his debts. In other words, he avails himself of the benefits of the payment and holds on to the land besides. The claim is grossly inequitable and unjust, and ought not to be allowed, and I see no reason why the action is not maintainable.

As to the claim for improvements, it is not clearly within the provisions of the statute on that subject, but it seems to come within the reasoning of Judge Napton's opinion in Valle v. Flem-ing; but on this demurrer I will not discuss the question. My opinion is that the judgment should be reversed and the cause remanded for a new trial.

Reversed and remanded. The other judges concur.