## BRUNNER ET AL. *v.* BRENNAN.

PLEADING.—*Complaint to Subject Real Estate to Satisfaction of Judgment.*—A complaint to set aside a credit entered on a judgment by reason of a sale of property on execution, which was not the property of the judgment debtor, and to subject certain real estate to the satisfaction of the judgment, is good, though the plaintiff may not be entitled to have the credit set aside, if it shows that there is still an amount due on the judgment over and above the credit.

PRACTICE.—*Supreme Court.*—It is not the duty of the Supreme Court to examine a record in search of errors that are not pointed out.

From the Marion Circuit Court.

*J. E. Heller*, for appellants.

*D. V. Burns*, for appellee.

WORDEN, J.—Action by the appellee against the appellants. The complaint alleges, in substance, the following facts: That on June 21st, 1870, the plaintiff, Julia Brennan, recovered a judgment in that court against Brunner and Speakerworth, two of the appellants, for the sum of five hundred and twelve dollars and six cents; that she caused an execution to be issued thereon, and that by virtue thereof certain ice and ice houses were levied upon as the property of John Brunner, and purchased at sheriff's sale by the plaintiff for the sum of two hundred dollars, and that the plaintiff's attorneys executed a receipt upon the execution for the above mentioned sum; that afterward the plaintiff brought an action in the Marion Superior Court against John Brunner and Jethro Locklear to have ascertained and declared by the judgment of the court the interest owned by said John Brunner in the ice and ice houses at the time of the levy and sale; that it was determined by the judgment of the court that said Brunner had no title or interest of any kind to or in the ice or ice houses, but that the same belonged wholly to said Locklear; whereby the plaintiff lost the benefit of her purchase; that the two hundred dollars is wrongfully credited upon the judgment, which remains unpaid, excepting the sum of nine dollars and sixty-seven cents; that Speakerworth is wholly insolvent, having no prop-

erty whatever; that the plaintiff caused another execution to be issued upon her judgment, and placed in the hands of the sheriff, who demanded of Brunner property to satisfy the same, but he failed to turn out any, and filed a schedule of his property as exempt from execution; that on February 14th, 1870, and after the indebtedness to the plaintiff was incurred, Brunner purchased of one Simeon J. Mitchell certain real estate described; that the same was paid for by moneys belonging to John Brunner, but, with a view to cheat and defraud his creditors, and especially the plaintiff, the title thereto was taken in the name of his wife and co-defendant, Caroline Brunner, who paid no part whatever of the purchase-money, and who, if she did pay any part thereof, took the title with full knowledge of the intent of said John to cheat and defraud the plaintiff by so placing the title in her name; that since the recovery of the plaintiff's judgment, said John purchased from Lee Carter a certain other piece of real estate, situate in said county of Marion, and had the same conveyed to his wife Caroline for the sole purpose of cheating and defrauding his creditors, and especially the plaintiff, which the said Caroline well knew at the time she accepted the conveyance, and for which real estate she paid no part of the purchase-money; that the conveyance of said real estate has never been placed on record, and the plaintiff is unable to give a description of the same; that the said John Brunner is not possessed in his own right or name of any other property than that set out in his said schedule, and has no property on which the execution can be levied.

There are some other allegations in the complaint unnecessary to be noticed for the purposes of this opinion. Prayer, that the two hundred dollars credit on the judgment be set aside, and that the property thus conveyed to the defendant Caroline be subjected to the plaintiff's judgment.

Speakerworth was defaulted. John and Caroline each filed separate demurrers to the complaint, assigning for cause, first, the want of sufficient facts, and, second, that several causes of action had been improperly united. These demurrers were overruled, and exception was taken. An answer of general

denial was then filed by said John and Caroline, and the cause was submitted to the court for trial, which resulted in a finding and judgment for the plaintiff, a new trial being denied to the defendants.

The errors assigned are in overruling the separate demurrers to the complaint and the motion for a new trial.

We have not considered the second ground of demurrer assigned, for the reason that if error were committed in respect to that ground, the judgment could not, for that reason, be reversed. 2 G. & H. 81, sec. 52. Nor does the question properly arise on the demurrers assigning the want of sufficient facts, whether the court could properly strike out and annul the credit on the judgment for the two hundred dollars on the ground that Brunner had no title to the ice and ice houses which she bought at the sale upon the execution. The complaint is abundantly good with all that portion left out which relates to the sale and purchase of the ice and ice houses, and the credit therefor. It may be observed, however, upon this point, that there is no warranty in judicial sales. *Morgan* v. *Fencher*, 1 Blackf. 10; *The Terre Haute, etc., R. R. Co.* v. *Norman*, 22 Ind. 63. It would seem to follow from this that the purchaser of property at sheriff's sale stands in the situation of a purchaser of real estate who has taken a conveyance without covenant. In such case, in the absence of fraud, he can neither recover back, nor defend against an action to recover, the purchase-money, on the ground of a failure of title. *Laughery* v. *McLean*, 14 Ind. 106; *Cartright* v. *Briggs*, 41 Ind. 184; *Noonan* v. *Lee*, 2 Black, 499. See on the subject of failure of title to property purchased on execution, the cases of *Rocksell* v. *Allen*, 3 McLean, 357, and *United States* v. *Duncan*, 4 McLean, 607. In this State, it has been held that the purchaser of land at sheriff's sale, to which the execution debtor has no title, may recover the purchase-money of the debtor, though no fraud be imputed to him. *Preston* v. *Harrison*, 9 Ind. 1. See, also, *Hawkins* v. *Miller*, 26 Ind. 173.

Whether the authorities can all be reconciled with the general principle that in judicial sales there is no warranty, we

will not here undertake to determine; nor do we decide whether the plaintiff was entitled to have the credit struck out in consequence of the failure of title, for the reason above given. There was a large sum due the plaintiff on her judgment after crediting the two hundred dollars, and it appears from the allegations of the complaint that neither Brunner nor Speakerworth has any property out of which anything can be made, save that which was conveyed to Caroline as alleged; and the facts alleged are abundantly sufficient to entitle the plaintiff to make her money out of that property. The demurrers to the complaint were, therefore, correctly overruled, without reference to the question of annulling the credit.

In reference to the motion for a new trial, the counsel for the appellants, in their brief, copy the reasons filed for a new trial, and then add, " The appellants insist that the court erred in the ruling on the motion for a new trial, and submit that this cause ought to be reversed." There is nothing further pointed out or suggested as to the particular or particulars in which the supposed error consisted. We are not inclined, nor does our duty require us, to wade through the record in search of errors that are not pointed out. *Bennett* v. *The State*, 22 Ind. 147.

The judgment below is affirmed, with costs.