## WEAKLEY ET AL. *v.* CONRADT.

DECEDENTS' ESTATES.—*Real Estate.*—*Liability for Debts.*—The purchaser of the real estate of an intestate, prior to the settlement of his estate, takes the same subject to the right of the administrator to cause it to be sold for the payment of the debts of such estate.

SAME.—*Partition.*—*Sale.*—*Action by Purchaser Against Widow and Heirs.*— Where, in a proceeding for partition of the real estate of an intestate amongst his widow and heirs, the same is declared indivisible, and, prior to the settlement of such decedent's estate, is sold to a purchaser, who, to save the same from a sale by the administrator of such estate for the payment of its debts, pays to such administrator the amount of such debts, he can not maintain an action against such widow and heirs, amongst whom the proceeds of such sale had been divided, to recover of them the amount so paid by him.

From the Miami Circuit Court.

*J. L. Farrar* and *J. Farrar*, for appellants.

*R. P. Effinger* and *N. O. Ross*, for appellee.

WORDEN, J.—This was an action by the appellee against the appellants.

Demurrer to the complaint, for want of sufficient facts, overruled, and exception. Final judgment for the plaintiff.

The facts alleged in the complaint are briefly as follows:

Thomas Weakley died intestate, owning certain lands in Miami County. He left a widow, Phebe A. Weakley, and two children, viz., Edward T. Weakley and Kate A. Taylor, *nee* Kate A. Weakley. The widow and children, together with William Taylor, the husband of Kate A., were defendants in the action. After the death of Thomas Weakley, it being then supposed that there was sufficient personalty to pay all his debts, proceedings in partition were had in the proper court to part certain real estate, left by the deceased, between the widow and the two children; but the property, not being susceptible of division, was ordered to be sold, and it was accordingly sold, the plaintiff becoming the purchaser at the price of over four thousand dollars, which amount he paid, and

received a proper conveyance from the commissioner making the sale. The money thus realized was divided equally between the widow and two children, each taking one-third. After this, it turned out that there were debts against the estate of the deceased, making it necessary to sell real estate to pay them, and the administrator procured an order from the proper court for the sale of the property thus purchased by the plaintiff, for the payment of those debts, amounting to seven hundred and fifty dollars and two cents.

The plaintiff notified the defendants to pay the amount thus required, informing them that, in case they did not, he should pay the same and look to them for reimbursement. The defendants failing to pay, the plaintiff paid the amount required to the administrator, in order to save the property, and the administrator liquidated the debts against the estate.

The action was brought to recover the amount of money thus paid; and the question arises, whether the plaintiff, on the facts stated, can recover.

Whatever may be the moral aspect of the question, we are unable to discover any legal or equitable principle on which the plaintiff can recover.

The proceedings in partition were had, and the purchase of the plaintiff was made, while the estate was unsettled, and when the plaintiff must have known that the property might be required for the payment of debts of the estate. The plaintiff purchased the property subject to the right of the administrator to cause it to be sold for the payment of debts, in case it should be necessary. We can not say that the possible contingency that the property, or some portion of it, might be required to pay the decedent's debts, may not have been considered by the plaintiff in making his bid for it. What the plaintiff bought was precisely the right and interest which the widow and heirs had in the property; nothing more nor less. *Duvall* v. *Speed*, 1 Md. Ch. 229.

The widow and heirs owned the property subject, nevertheless, so far as the two children were concerned, to the right of the administrator to sell it, if necessary, for the payment of debts. The plaintiff purchased it subject to the same right. He acquired no warranty of any description.

·The plaintiff is clearly in no better condition than if he had purchased from the widow and heirs, and had taken a deed from them for the property, without covenants. In such case, although the title might wholly fail, he could neither recover back the purchase-money nor defend against the collection of any part unpaid. *Cartright* v. *Briggs*, 41 Ind. 184, and authorities there cited. See, also, *Brunner* v. *Brennan*, 49 Ind. 98.

Again. Suppose the plaintiff, instead of paying the money to relieve the property, had suffered it to be sold. We are unable to see that he would, in such case, have had any right of action against the defendants; and his condition is no better than if he had suffered the property to be sold. The plaintiff's money has gone to pay the debts of the estate, but this does not, of itself, give him a right of action against the heirs. We have a class of cases in this State that may seem to have some analogy to the case in judgment, holding that the purchaser of land at sheriff's sale, on execution, whose title fails, may recover the amount of his bid from the judgment defendant, as for money paid for his benefit. *Muir* v. *Craig*, 3 Blackf. 293; *Dunn* v. *Frazier*, 8 Blackf. 432; *Preston* v. *Harrison*, 9 Ind. 1; *Pennington* v. *Clifton*, 10 Ind. 172; *Seller* v. *Lingerman*, 24 Ind. 264; *Hawkins* v. *Miller*, 26 Ind. 173. In *Dunn* v. *Frazier*, *supra*, the doctrine was said to be "a relaxation of the rule," and in *Brunner* v. *Brennan*, *supra*, it was intimated that perhaps the cases could not be reconciled with the well established doctrine, that, in judicial sales, there is no warranty. And it may be suggested, that the cases are perhaps in conflict with the well established doctrine, that one man can not make another

his debtor by paying the debt of the latter without his consent.

But whatever may be thought of the cases, we are clear that they should not be extended beyond the bounds to which they have already gone. There is a clear distinction between those cases and the present one. Here the heirs were not debtors. They were in no manner liable for the debts of their ancestor. They might have been thus liable in certain contingencies, after the estate had been finally settled. 2 R. S. 1876, p. 554, sec. 178. But such was not the case here. The property of the ancestor, which descended to his heirs, was liable, to be sure, for the payment of his debts, but these debts were in no sense the debts of the heirs; and we have seen that the purchaser of the property took it simply as the heirs held it, subject to the debts of the ancestor. If the plaintiff should be regarded as subrogated to the rights of the creditors of the estate, he would have the right to look to the land, but not to the heirs personally, for payment of the debts. This view renders it unnecessary that we should consider separately the rights of the widow in the premises.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the complaint.