Westerfield, Administrator, v. Williams, Administrator.

———————◆———————

WESTERFIELD, ADMINISTRATOR, *v.* WILLIAMS, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Filing Claim Against.*—*Sheriff's Sale.*—Where a party purchases lands at a sheriff's sale, and gets a deed to the same, and subsequently the sale and deed are set aside, and afterward the execution defendant dies, the amount so bid is a claim provable against the estate of the decedent.

SAME.—*Improvements.*—*Evidence.*—In such a case, it is error to allow evidence of the amount expended in improvements made by the purchaser while holding under the sheriff's deed.

SAME.—*Common-Law Rule.*—*Statutory Provision for Recovery.*—*Practice.*— Where a party makes valuable improvements upon land purchased at a sheriff's sale, and the sale is afterward set aside, at common law, he was without remedy for the sum expended in such improvements. It is only through what is known as the occupying claimant law, which is a statutory remedy, that a recovery can be had for such expenditures; and, in this case, if the purchaser had desired to make any claim for his improvements, he should have proceeded under the statute, when the land was recovered back by the execution-defendant.

From the Madison Circuit Court.

*J. A. Harrison*, for appellant.

*R. Lake*, for appellee.

NIBLACK, J.—Addison D. Williams,.as administrator of the estate of Robert N. Williams, deceased, filed a claim in the court below against the estate of Alfred Makepeace, also deceased, based upon the allegation of certain facts, in the form of a complaint, which may be briefly recapitulated as follows:

That, at the October term, A. D. 1861, of the Madison Circuit Court, John S. Jones and others, naming them, recovered judgment against the said Alfred Makepeace and one Horace B. Makepeace, for the sum of $121.52, and costs of suit taxed at $5; that, on the 12th day of November, 1861, a writ of execution was issued on said judgment in due form of law, and delivered to the sheriff of Madison county, who levied the same on a certain tract of land in said county, containing forty acres, as the property of the said Alfred Makepeace, then in full life, and who, on the 22d day of March, 1862, after having duly advertised the same for sale, sold said land at public auction to the said Robert N. Williams, also then. in full life, for the sum of $610, he being the highest bidder for the same; that, soon thereafterward, the said Robert N. Williams paid the purchase-money for said tract of land and received a deed for the same from said sheriff; that so much of said sum of $610, for which said land was sold, as was necessary to satisfy said judgment, interest and costs, was applied on said execution, and the residue was applied to other executions in the hands of such sheriff against the said Alfred Makepeace and Horace B. Makepeace; that afterward the said Robert N. Williams went into the possession of said tract of land under said sheriff's deed, and while so in possession thereof made valuable and lasting improvements thereon, amounting in value to the sum $1,450; that afterward, at the December term, 1868, of the Madison Circuit Court aforesaid, the said Alfred Makepeace, upon certain proceedings theretofore instituted by him, recovered a judgment against the said Robert N. Williams, setting aside the sale so

made as above stated, and the sheriff's deed executed thereon as aforesaid, and reinvesting the title and possession of said tract of land in him, the said Alfred Makepeace; that the sum of money so paid as the purchase-money for said land, nor any part thereof, has ever been repaid to the said Robert N. Williams; wherefore his, the said Williams', administrator as aforesaid demanded judgment for the said sum of $610 with interest, and for the value of the improvements made on said land, as above stated.

A demurrer to the complaint was overruled, and the cause, after issue joined, was submitted to the court for trial. After hearing the evidence, the court found that there was due the estate of the said Robert N. Williams, on said claim, the sum of $1,175, and, over a motion for a new trial, rendered judgment against the estate of the said Alfred Makepeace for that sum.

John W. Westerfield, who is the administrator of the last named estate, prosecutes this appeal.

We think the complaint made a good claim for at least the amount of the purchase-money paid by the said Robert N. Williams, which was applied on the judgment and execution on which the land referred to in the complaint was sold. Whether, upon the facts as pleaded, a good claim was made for any sum beyond that amount, we need not now decide. The complaint, therefore, was sufficient on demurrer.

In this connection, we cite *M'Ghee* v. *Ellis*, 4 Littell, 244; *Muir* v. *Craig*, 3 Blackf. 293; *Dunn* v. *Frazier*, 8 Blackf. 432; *Preston* v. *Harrison*, 9 Ind. 1; *Richmond* v. *Marston*, 15 Ind. 134; *Seller* v. *Lingerman*, 24 Ind. 264; *Hawkins* v. *Miller*, 26 Ind. 173.

These cases have been somewhat doubted in the more recent cases of *Brunner* v. *Brennan*, 49 Ind. 98, and *Weakley* v. *Conradt*, 56 Ind. 430; but whatever may be the true rule as applied to some of these cases, upon which doubts have been thus cast, we are of the opinion, that

the case at bar can be supported as regards the sufficiency of the complaint, as above indicated, both on principle and by authority. The execution defendant, Makepeace, having recovered back the land, it would be clearly inequitable to permit him to retain both the land and the benefit of the purchase-money.

On the trial, the plaintiff was permitted, over the objection of the defendant, to give evidence as to the improvements made on the land by the said Robert N. Williams while he was in possession of it under the sheriff's deed, and the value of such improvements seems to have been taken into consideration in estimating the amount of the plaintiff's claim. That we must hold to have been erroneous.

Under the common law, one who had made improvements on the land of another, under the belief that he was himself the owner of the land, had to lose his improvements in case of a recovery of the land from him by legal proceedings. It is only through what is known as the occupying claimant law, which is of statutory origin, that the occupant of land under such circumstances can receive any compensation for his improvements. *Chesround* v. *Cunningham*, 3 Blackf. 82; *Graham* v. *The C. & N. C. J. R. R. Co.*, 36 Ind. 463.

If, therefore, the said Robert N. Williams intended or desired ever to make any claim for his improvements, he should have proceeded under the occupying claimant law, when the land was recovered back from him by Makepeace.

The judgment is reversed, at the costs of the estate of the said Robert N. Williams, and the cause remanded for a new trial and for further proceedings, in accordance with this opinion.