WILCHINSKY, *Plaintiff in Error*, v. CAVENDER.

**Relief against Mistake in Sheriff's Sale :** ACTION AGAINST THE DEFENDANT IN THE EXECUTION. The doctrine of *caveat emptor* does not apply to sheriff's sales where there is a mistake made both by the sheriff and the purchaser, in selling a tract of land to which the defendant in the execution has no title. In such case since the consideration for the money paid on the execution has failed, and the money has gone to extinguish the defendant's debt, the purchaser may recover it back from him; and it is not essential that the pur-

chaser shall have made improvements upon the land; (as was the case in *McLean v. Martin*, 45 Mo. 393;) it is enough if the money has passed out of the sheriff's hands before the mistake is discovered.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Bryant & Holmes* for plaintiff in error.

NAPTON, J.—We have been unable to distinguish this case from that of *McLean v. Martin*, 45 Mo. 393. In that case it was held that the doctrine of *caveat emptor* had no application where a mistake was made both by the sheriff and the purchaser, in selling a tract of land to which defendant in the execution had no title, and that as the consideration for the money paid on the execution had failed and gone to extinguish the judgment against defendant, plaintiff was entitled to recover it back from the defendant in the execution. In this case the mistake was discovered, but not till after the money was paid and the sheriff had paid it over. In that case the mistake was not discovered till the purchaser had taken possession and made improvements; but the principle is the same, and as that decision was made upon a full review of the authorities, both here and in other states, we see no reason to disturb it. The judgment must, therefore, be reversed and the cause remanded. The other judges concur.