No. 8582.

### PARKER ET AL., ADMINISTRATORS, *v.* RODMAN.

MORTGAGE.—*Covenants of Warranty.*—*Foreclosure and Sale.*—*Purchaser at Sheriff's Sale.*—*Decedents' Estates.*—Upon the foreclosure of a warranty mortgage and the sale by the sheriff of the mortgaged lands, where the purchaser is not the mortgagee, nor his heir, assignee or personal representative, the estate of the deceased mortgagor is not liable to such purchaser upon the covenants of the mortgage for any breach thereof.

SAME.—*Partial Failure of Title.*—*Caveat Emptor.*—*Sale of Several Tracts as Entirety.*—*Measure of Damages.*—Where several parcels of real estate are sold upon foreclosure as an entirety, for an entire sum of money, and the purchaser fails to get title to a part only of the parcels sold, the rule of *caveat emptor* is applicable, and no correct rule can be prescribed for the measure of the purchaser's damages, if such partial failure of title afforded him any cause of action against the mortgagor or judgment defendant.

From the Washington Circuit Court.

*A. B. Collins*, for appellants.

*J. S. Butler*, for appellee.

HOWK, J.—This was a claim by the appellee against the estate of Walker B. Rodman, deceased, and the personal rep-

resentatives of said decedent. The cause, having been put at issue, was tried by the court, and a finding was made for the appellee in the sum of $2,990; and the appellants' motion for a new trial having been overruled, and their exception saved to this ruling, the court rendered judgment in appellee's favor and against said decedent's estate for the amount of its finding and costs.

The following errors are assigned by the appellants in this court:

1. The court erred in overruling their demurrer to appellee's claim or complaint;

2. The court erred in overruling their motion for a new trial; and,

3. That the appellee's claim or complaint does not state facts sufficient to constitute a cause of action.

· The first and third of these alleged errors may properly be considered together, as they each call in question the sufficiency of the facts stated in appellee's claim or complaint, to constitute a cause of action. In her verified claim or complaint, the appellee alleged in substance, that, on the 16th day of May, 1867, Walker B. Rodman, then in full life, but · since deceased, and Lucinda, his wife, executed a mortgage to one Thomas J. Rodman to secure two notes of that date for $10,000 each, a copy of which was therewith filed; whereby the said Walker B. Rodman and his wife mortgaged and warranted a large number of parcels of land, particularly described, in Jackson county, Indiana; that, after the execution of said mortgage, all the parties thereto died, and thereafter, in the suit of the administrators of the mortgagee, Thomas J. Rodman, deceased, against the heirs at law of the mortgagors, Walker B. and Lucinda Rodman, both deceased, in the Jackson Circuit Court, at its April term, 1873, the mortgage was foreclosed, and the mortgaged lands were ordered to be sold; that, accordingly, the mortgaged lands were sold by the sheriff of Jackson county, under said judgment

and order of sale, on June 28th, 1873, and the appellee became the purchaser thereof at said sale for $23,000, and all said lands were duly conveyed to her by said sheriff; that the said Walker B. and Lucinda Rodman warranted the title to all the lands described in said mortgage, to be perfect in said mortgagors, and free from incumbrance; that they, the mortgagors, at the time they so warranted the title to all said lands, were not the owners of, and had no title whatever to, and were not then or afterwards seized of, three of the said parcels of land, which three parcels were particularly described in said complaint; and that the appellee was kept out of the possession of said three parcels of land by other persons than the defendants in said foreclosure suit, to wit, John H. Baltman and —— Julian, who were seized of said three parcels and held the same under a paramount title to that of said mortgagors. Wherefore the appellee demanded judgment for the amount she paid for said three parcels of land, to which Walker B. Rodman had no title, to wit, the sum of five thousand dollars, which, she said, she paid therefor, and for other proper relief.

It appears from the allegations of the complaint, and from the copy of the mortgage therewith filed, that Walker B. Rodman and his wife mortgaged and warranted to Thomas J. Rodman divers tracts of land, in Jackson county, said to contain in the aggregate 832.35 acres, to secure the payment of two notes of $10,000 each. Upon the foreclosure of the mortgage, and the sale by the sheriff of the mortgaged lands as an entirety, the appellee became the purchaser thereof for the sum of twenty-three thousand dollars. After the sheriff had executed to appellee, in confirmation of said sale, a proper deed of conveyance of all the said tracts of land, it was discovered that, as to three of the said tracts, each containing forty acres of land, neither the said Walker B. Rodman nor his wife, Lucinda Rodman, had any title whatever thereto, or to either of said three tracts, at the time of their execution of said warranty mortgage, or at any time after-

wards. But it was averred that, at the time the said warranty mortgage was executed and afterwards, the three forty-acre tracts of land were owned and held by titles paramount to the title of the mortgagors, two of them by John H. Baltman and the other by George W. Julian; so that the appellee had been kept out of the possession of said three tracts of land, and each of them.

As nothing is alleged to the contrary, it may be assumed that the appellee, by her said purchase under said foreclosure sale, acquired a valid title to all the residue of the mortgaged lands, containing in the aggregate 712.35 acres.

Upon the foregoing facts, conceded to be true by the demurrer to the complaint, the questions for decision seem to us to be these: Is the estate of Walker B. Rodman, deceased, liable to the appellee, as the purchaser of the decedent's real estate at sheriff's sale? If the estate is liable, upon what theory and to what extent is it liable? What is the true measure of the appellee's damages? Is the estate of the mortgagor of lands liable to the purchaser thereof other than the mortgagee, by reason of any breach of any of the covenants contained in the mortgage? If not thus liable, is the estate of the owner of lands liable to the purchaser thereof, at sheriff's sale, if, from any cause, the title of such purchaser has failed as to part of the lands purchased? These be troublesome questions, which lie at the base of the appellee's supposed cause of action, and upon their answer, as it seems to us, the proper decision of this case is largely dependent.

In *Weaver* v. *Guyer*, 59 Ind. 195, in the opinion of the court, it was said by WORDEN, J.: "The general doctrine in this State is, that there is no warranty in judicial sales. The plaintiff, by his purchase, acquired whatever right the defendant had in the property purchased; nothing more nor less. He got no warranty, either of title or against encumbrances. If he had purchased the land from the defendant and taken a quitclaim deed therefor, in the absence of fraud, he could not have recovered back, or defended against the collection of, the pur-

Parker *et al.*, Administrators, *v.* Rodman.

·chase-money, on the ground of failure of title. See cases cited in *Brunner* v. *Brennan,* 49 Ind. 98; also *Weakley* v. *Conradt,* 56 Ind. 430; *Neal* v. *Gillaspy,* 56 Ind. 451. In Rorer Ju-·dicial Sales, sec. 476, it is said that 'the rule of *caveat emptor* : applies in all its rigor to judicial sales' of real property."

In a number of cases in this court, it has been held that ·where the real estate sold at sheriff's sale is purchased by a third person, and there is a total failure of title, the purchaser may recover the amount of his bid from the judgment defend-ant as for money paid to his use. *Muir* v. *Craig,* 3 Blackf. 293 (25 Am. Dec. 111); *Dunn* v. *Frazier,* 8 Blackf. 432; *Taylor* v. *Conner,* 7 Ind. 115; *Preston* v. *Harrison,* 9 Ind. 1; *Pennington* v. *Clifton,* 10 Ind. 172; *Seller* v. *Lingerman,* 24 Ind. 264; *Hawkins* v. *Miller,* 26 Ind. 173; *Julian* v. *Beal,* 26 Ind. 220; *Westerfield* v. *Williams,* 59 Ind. 221; *Coan* v. *Grimes,* 63 Ind. :21. But, so far as we are advised, there is no case decided by this court which holds that where there is only a partial failure ·of title the purchaser can recover a part of the amount of his ·bid from the judgment defendant.

It can not be said, we think, that the mortgagor of lands, ·or his personal representatives, is liable to the purchaser ·thereof at a sheriff's sale under a foreclosure of the mort-·gage, where the purchaser is not the mortgagee, nor his heir, ·assignee nor personal representative, upon or by reason of ·any breach of any of the covenants in the mortgage. The ·copy of the mortgage, which was filed with the appellee's complaint, in the case at bar, shows that the mortgage was, un-·der and by force of the provisions of section 15 of the act of May 6th, 1852, concerning real property and the alienation ·thereof (section 2930, R. S. 1881), a " mortgage to the grantee, his heirs, assigns, executors, and administrators, with war-ranty from the grantor and his legal representatives of per-fect title in the grantor and against all previous incum-brances." It does not appear from the complaint or claim, in ·this case, that the appellee was the grantee in the mortgage, ·a copy of which was filed with the complaint, or an heir, as-

signee, executor or administrator of such grantee. It would seem to be clear, therefore, that the appellants, as the legal representatives of the deceased mortgagor, were not liable to the appellee, as the purchaser of the mortgaged lands at sheriff's sale, upon or by reason of any breach of any of the covenants contained in the mortgage.

We are of the opinion, also, that where, as in this case, a number of tracts of land are sold as an entirety, at sheriff's sale, for an aggregate sum of money, and the purchaser at such sale fails to get title to a part only of the tracts of land sold, such purchaser can not recover a part of the amount of his bid from the judgment defendant, or his legal representatives. In such a case it can not be said that there was no consideration for the payment of the purchase-money; and it is only in cases where there was no consideration for the payment of the purchase-money that the purchaser at a sheriff's sale may recover the amount of his bid from the judgment defendant, whose debt was thereby paid. Where, also, as in this case, a number of tracts of land are sold together as an entirety for an entire price, and there is a failure of title as to a part only of such tracts, it would be impossible, as it seems to us, to prescribe any true or correct rule for the measure of the purchaser's damages, if it were conceded that he could have a cause of action against the judgment defendant, by reason of such partial failure of title.

It is clear, however, that the case at bar does not come within the doctrine of the case of *Muir* v. *Craig, supra,* and the cases which follow it; and we are not inclined to extend that doctrine and make it applicable to other cases. To the case now before us, and other similar cases, we think, the rule of *caveat emptor* must be applied in all its rigor. *Weaver* v. *Guyer, supra.*

It follows, therefore, that the facts stated in appellee's complaint were not sufficient to constitute a cause of action, and the demurrer thereto ought to have been sustained.

This conclusion renders it unnecessary for us to consider

or decide any question arising under the alleged error of the court in overruling the motion for a new trial.

The judgment is reversed, at appellee's costs, and the cause is remanded with instructions to sustain the demurrer to the claim or complaint, and for further proceedings not inconsistent with this opinion.

Petition for a rehearing overruled.