No. 8805.

## SHORT v. SEARS.

SUBROGATION.—*Sheriff's Sale.*—*Rights of Purchaser where Sale is Set Aside.*— Where a sheriff's sale of land is adjudged invalid and set aside, the purchaser in good faith is, by statute, R. S. 1881, section 1084, subrogated to the lien of the judgment creditor on the land, for the amount paid by him.

From the Lawrence Circuit Court.

*N. Crooke* and *S. W. Short*, for appellant.

*G. W. Friedley, W. R. Gardiner* and *S. H. Taylor*, for appellee.

ELLIOTT, J.—The facts stated in the special finding may be thus summarized: On the 23d day of April, 1875, Margaret Stotts recovered a judgment against Samuel W. Short for $1,500. At the time of the recovery of the judgment Short was a resident of Knox county, Indiana; the cause in which judgment was rendered went to Daviess county by change of venue; Short had personal and real property in Knox county when the judgment was rendered, and was the owner of lot 67, in the town of Bedford, Lawrence county, until December 8th, 1879; on the 1st day of May, 1878, the clerk of Daviess county issued to the sheriff of Lawrence county an execution upon the judgment against Short; the execution was received by the sheriff on the 14th day of May, 1878; at that date Short had no personal property in Lawrence county, nor has he since had; the sheriff levied on and sold lot 67, after due advertisement, to the appellee, for the sum of $1,-400, and, on the expiration of the year allowed for redemption, executed a deed. Prior to sale the sheriff caused the lot to be appraised, and the appraisement put on it was $2,500, but from this sum was deducted $400 as the value of the wife's inchoate interest; except as to the statement of the value of the wife's interest the report of the appraisers is in the usual form. At the time of the sale Short had a wife, but, as the

finding recites, " she had no interest in fact in said real estate, and no lien or encumbrance thereon, having only an inchoate right which might ripen into an interest in case of the husband's death." The conclusions of law stated by the court on the finding read as follows:

" 1st. The inchoate right of the wife which may ripen into an interest in case she survives her husband is not a lien or encumbrance to be considered in the appraisement of real estate upon which execution has been levied by the sheriff.

" 2d. That the real estate was not sold for two-thirds of its value.

" 3d. That the real estate not having been sold for two-thirds of its appraised value, the sale ought to be set aside.

" 4th. The defendant is entitled to have a judgment in this action against the plaintiff for the amount of his purchase-money, with interest, and to have the same declared a lien upon said real estate, and in case of the non-payment of the said sum within a reasonable time to be fixed by the court, that an order of sale issue for the sale of said real estate to satisfy said judgment, interest, costs, and accruing costs."

The exception upon which the case comes to us is that taken to the fourth conclusion of law stated by the court. The only question which we consider or decide is that presented by this exception. This we are careful to say in order to prevent a possible misconception of our decision.

In our opinion, the trial court correctly stated the law. A purchaser, at a sheriff's sale, who buys in good faith, and pays money which goes to the discharge of a judgment lien on the execution defendant's land, is entitled to be subrogated to the lien of the judgment creditor. This is a general principle of equity, and is not dependent alone upon statutory law. Our cases very early held that a purchaser might recover in equity from the execution defendant the amount paid on his bid, and a long line of decisions has maintained this doctrine. *Muir* v. *Craig*, 3 Blackf. 293 (25 Am. Dec. 111) ; *Dunn* v. *Frazier*, 8 Blackf. 432 ; *Preston* v. *Harrison*, 9 Ind. 1 ;

*Pennington* v. *Clifton*, 10 Ind. 172 ; *Hawkins* v. *Miller*, 26 Ind.. 173 ; *Westerfield* v. *Williams*, 59 Ind. 221 ; *Coan* v. *Grimes*, 63: Ind. 21. The rule has not been confined to a right to a personal judgment against the debtor, but has been extended, as in justice and equity it should be, to a right to the lien of the judgment paid by the bid. *Bunts* v. *Cole*, 7 Blackf. 265 (41 Am. Dec. 226) ; *Seller* v. *Lingerman*, 24 Ind. 264 ; *Muir* v. *Berkshire*, 52 Ind. 149 ; *Ray* v. *Detchon*, 79 Ind. 56 ; *Carver* v. *Howard*, 92 Ind. 173. There are many cases in other courts sustaining the rule declared by our cases. Sheldon Sub., sections 38 and 39, *vide* authorities in note.

Our decision need not, however, be rested on this general principle of equity alone, although that would, of itself, be a firm foundation. The statute declares in very broad terms this general rule. R. S. 1881, sec. 1084 ; *Walton* v. *Cox*, 67 Ind.. 164 ; *Reily* v. *Burton*, 71 Ind. 118. As the statute is a remedial one and in furtherance of a salutary and long recognized rule, it ought to receive a liberal construction.

It is true that there is no warranty in judicial sales. *Neal* v. *Gillaspy*, 56 Ind. 451 (26 Am. R. 37) ; *Brunner* v. *Brennan*, 49 Ind. 98 ; *State, ex rel.*, v. *Prime*, 54 Ind. 450. But this rule has no application to cases where the purchaser is asserting his rights against the execution debtor or his property. It was framed for and applies to a very different class of cases..

Judgment affirmed.

Filed Dec. 18, 1883. Petition for a rehearing overruled Feb. 23, 1884.